WILLIAM LUMB *vs.* HORACE JENKINS.

Under the Gen. Sts. *c.* 90, § 38, nonresident aliens may take land by descent.

CONTRACT for breach of an agreement to purchase a lot of land in Boston. The land in question had been conveyed in fee in 1862 to the plaintiff's wife, who had died seised thereof in 1864, leaving no blood relations except one sister who was of English parentage, and had always lived and was still living in England. After his wife's death, the plaintiff, who was a naturalized citizen of the United States, resident in this Commonwealth, believing himself to be his wife's heir, entered into a written agreement with the defendant, by which he agreed to sell and convey the land to the defendant by a good and sufficient deed in fee simple. And the defendant agreed to accept such conveyance, provided the plaintiff should be possessed of a good and unincumbered title to the estate, and to pay $10,000 therefor. The plaintiff tendered to the defendant a deed executed by him and sufficient in form to convey the land to the defendant in fee simple, but the defendant refused to accept the deed or to pay the price. The plaintiff then brought this action.

On the above facts, which were agreed, judgment was ordered in the superior court for the defendant, and the plaintiff appealed.

*H. W. Muzzey,* for the plaintiff.

*H. H. Sprague,* for the defendant.

CHAPMAN, C. J. By the Gen. Sts. *c.* 90, § 38, aliens may take, hold, transmit and convey real estate, and no title to real estate shall be invalid on account of the alienage of any former owner. These provisions were first enacted in substance in St. 1852, *cc.* 29, 86. They were clearly intended to change the law as stated in *Foss* v. *Crisp,* 20 Pick. 121, 124. No fair interpretation of this language will authorize us to hold that it makes any difference between aliens on account of their residence. All of them may take, hold, transmit and convey real estate. Therefore the plaintiff cannot convey the title which he agreed to give.        *Judgment for the defendant.*