ANN MULHALL *vs.* JOHN FALLON & others.

Norfolk.. March 14, 15, 1900. — May 31, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Death without Conscious Suffering — Employers' Liability Act — Evidence —*
*Dependency — Question for Jury — Right of Alien to Sue.*

A statute cannot impose duties upon a non-resident alien, but it may confer rights upon him. The St. of 1887, c. 270, § 2, confers a right to sue upon the next of kin who is a non-resident alien.

A plaintiff in an action under St. 1887, c. 270, § 2, for causing the death of her son, properly may be asked to what extent, if at all, she was dependent upon him for support.

Partial dependence for the necessaries of life is enough under St. 1887, c. 270, § 2.

TORT, under St. 1887, c. 270, § 2, by the mother and next of kin of Patrick Mulhall, for causing his death without conscious suffering. At the trial in the Superior Court, before *Bell,* J., the jury returned a verdict for the plaintiff ; and the defendants alleged exceptions, which appear in the opinion.

*W. B. Sprout,* ( *G. C. Dickson* with him,) for the defendants.

*J. W. McAnarney & J. E. Cotter,* (*J. P. Fagan* with them,) for the plaintiff.

HOLMES, C. J. This is an action under St. 1887, c. 270, § 2, for causing the death of the plaintiff's son. The plaintiff is an Irishwoman who, so far as appears, never has left Ireland. In the Superior Court she had a verdict, and the case is here on exceptions to a refusal to direct a verdict for the defendants, either on the ground that the statute conferred no rights upon the plaintiff, or on the ground that she did not appear to have been dependent upon the wages of her son for support. Exceptions were taken also upon some matters of evidence.

On the question of the plaintiff's dependence upon her son we are of opinion that there was evidence for the jury. It appeared from declarations of the deceased, properly admitted under St. 1898, c. 535, that his mother was very poor, and that he sent over money repeatedly, and regretted not being able to do more. The money, it is true, was received by his father while alive ; but the father was a paralytic, and died nearly a year before his son.

The plaintiff in her deposition confirmed the statements of her son. She testified that she bought food with his money, among other things, and that she wished she had more to eat.

In answer to the question to what extent, if at all, she was dependent upon her son for support, she answered that she was almost entirely dependent upon him for the last two years. This question was objected to, but was admissible. The extent to which particulars may be summed up in a general expression is a matter involving more or less discretion, and cannot be disposed of by the suggestion that the general expression involves the conclusion which the jury is to draw, or that it is law rather than fact. *Poole* v. *Dean,* 152 Mass. 589, 591. *Windram* v. *French,* 151 Mass. 547, 550, 551. The question to what extent she was dependent upon her son called for details of fact in a perfectly proper way. Whether the answer showed a sufficient dependence to satisfy the statute remained for the jury to answer under the instructions of the court. Even more plainly admissible were interrogatories whether the son contributed to her support, and if so how much. The plaintiff also testified that she " had to turn around and go three miles to earn [her] support," that she had a boy that was hard set to earn from 8*d.* to 1*s.* a day, and another boy an invalid. How far these statements should outweigh the others was for the jury. See *Houlihan* v. *Connecticut River Railroad,* 164 Mass. 555, 557 ; *Daly* v. *New Jersey Steel & Iron Co.* 155 Mass. 1, 5 ; *American Legion of Honor* v. *Perry,* 140 Mass. 580, 590. Partial dependence for the necessaries of life would be enough, as it is made in terms by the English statute. 60 & 61 Vict. c. 37, § 7, cl. 2. *McCarthy* v. *New England Order of Protection,* 153 Mass. 314, 318. *Simmons* v. *White Brothers,* [1899] 1 Q. B. 1005. *Atlanta & Charlotte Air-Line Railway* v. *Gravitt,* 93 Ga. 369, 372. In *Hodnett* v. *Boston & Albany Railroad,* 156 Mass. 86, there was nothing to show that the plaintiff did not support herself by her own earnings.

We come then to the more difficult question, whether the plaintiff can claim the benefit of the act. However this may be decided, it is not to be decided upon any theoretic impossibility of Massachusetts law conferring a right outside her boundary lines. In *Mannville Co.* v. *Worcester,* 138 Mass. 89, where a Rhode Island corporation sought to recover for a diversion of waters

from its mill in Rhode Island by an act done higher up the stream in Massachusetts, it was held, following earlier decisions, that there was no such impossibility, although the point was strongly urged. It is true that legislative power is territorial, and that no duties can be imposed by statute upon persons who are within the limits of another State. But rights can be offered to such persons, and if, as is usually the case, the power that governs them makes no objection, there is nothing to hinder their accepting what is offered. The same principle is recognized without discussion in *Lumb* v. *Jenkins*, 100 Mass. 527, where a non-resident alien was held entitled to take land by descent. So, after discussion, as to a non-resident's right to sue. *Peabody* v. *Hamilton*, 106 Mass. 217. So the Supreme Court of the United States holds that a right to recover for wrongfully causing death under a State law similar to Lord Campbell's act may be asserted by an administrator appointed in another State. *Dennick* v. *Central Railroad*, 103 U. S. 11. See 8 Am. & Eng. Encyc. of Law, (2d ed.) 879, "Death by wrongful act." It is true that the arguments which prevailed in this case did not prevail in *Richardson* v. *New York Central Railroad*, 98 Mass. 85, and perhaps would not have prevailed in England. *Adam* v. *British & Foreign Steamship Co*. 79 L. T. (N. S.) 31. But so far as the principle for which we cite the case is concerned, it is in accord with our own decisions, assuming that, like Lord Campbell's act, the statute was regarded as conferring a new right of action on the foreign executor or administrator, and not as giving a right of action to the deceased which went to the executor by survival only. *Blake* v. *Midland Railway*, 21 L. J. Q. B. 233, 237. *Seward* v. *Vera Cruz*, 10 App. Cas. 59, 67. The cause of action survived in *Higgins* v. *Central New England & Western Railroad*, 155 Mass. 176. This distinction seems to be lost sight of by many of the cases given in the Encyclopædia as following *Dennick* v. *Central Railroad*, so that their reasoning is not very satisfactory. But see *Bruce* v. *Cincinnati Railroad*, 83 Ky. 174, 182 *et seq.*

The question then becomes one of construction, and of construction upon a point upon which it is probable that the Legislature never thought when they passed the act. In view of the decisions to which we have referred, we lay on one side as too absolute some expressions which are to be found in the English

cases, and some of which are cited in *Adam* v. *British & Foreign Steamship Co.* 79 L. T. (N. S.) 31. Our different relation to our neighbors politically and territorially is a sufficient ground for a more liberal rule, at least as to inhabitants of the United States.

One or two cases may be found where a general grant of a right of action for wrongfully causing death has been held to confer no rights upon non-resident aliens. *Deni* v. *Pennsylvania Railroad*, 181 Penn. St. 525. *Brannigan* v. *Union Gold-Mining Co.* 93 Fed. Rep. 164. But compare *Knight* v. *West Jersey Railroad*, 108 Penn. St. 250. On the other hand, in several States the right of the non-resident to sue is treated as too clear to need extended argument. *Philpott* v. *Missouri Pacific Railroad*, 85 Mo. 164, 167. *Chesapeake, Ohio, & Southwestern Railroad* v. *Higgins*, 85 Tenn. 620, 622. *Augusta Railway* v. *Glover*, 92 Ga. 132, 142, 143. *Luke* v. *Calhoun County*, 52 Ala. 115, 118, 120.

Under the statute the action for death without conscious suffering takes the place of an action that would have been brought by the employee himself if the harm had been less, and by his representative if it had been equally great, but the death had been attended with pain. St. 1887, c. 270, § 1, cl. 3. In the latter case, there would be no exception to the right of recovery if the next of kin were non-resident aliens. It would be strange to read an exception into general words when the wrong is so nearly identical, and when the different provisions are part of one scheme. In all cases the statute has the interest of the employees in mind. It is on their account that an action is given to the widow or next of kin. Whether the action is to be brought by them or by the administrator, the sum to be recovered is to be assessed with reference to the degree of culpability of the employer or negligent person. In other words, it is primarily a penalty for the protection of the life of a workman in this State. We cannot think that workmen were intended to be less protected if their mothers happen to live abroad, or less protected against sudden than against lingering death. In view of the very large amount of foreign labor employed in this State, we cannot believe that so large an exception was silently left to be read in. Whether if the statute were of a different kind we could make a distinction between a mother living just across the

boundary line between Massachusetts and Rhode Island and one living in Ireland, need not be considered now.

We are of opinion that the Superior Court was right in letting the case go to the jury. A similar decision has been rendered upon this statute by the United States Circuit Court for this district. *Vetaloro* v. *Perkins*, 101 Fed. Rep. 393.

*Exceptions overruled.*