## ROBERTS v. GREAT NORTHERN RY. CO.

(Circuit Court, D. Washington, N. D.   July 22, 1904.)

No. 1,148.

DEATH—ACTION FOR WRONGFUL DEATH—CONSTRUCTION OF STATUTE.

    The Washington statute, giving a right of action to recover damages for wrongful death for the benefit of the widow and children of the deceased, cannot be made the basis of an action where the widow and children are aliens not within the state nor inhabitants thereof.

On Demurrer to Answer.

George Saulsberry, for plaintiff.

L. C. Gilman, for defendant.

HANFORD, District Judge. By the demurrer to the second affirmative defense of the defendant's answer, the question is fairly raised whether the statutes of this state create a legal liability to render compensation in damages for a wrongful or negligent act causing the death of an alien, where the wrongful or negligent act and the death occur within this state, and where the wife and children of the deceased are aliens not domiciled within the state nor inhabitants thereof. It is my opinion that the plaintiff as administrator of the estate of the deceased is a competent party to maintain the action for the benefit of the wife and children of the deceased, if a right of action exists; and that the court is bound by the decisions of the Supreme Court of the United States to hold that there is no common-law right of action for an injury causing the death of a person. Therefore, the arguments made in behalf of the plaintiff relating to the capacity of the plaintiff to sue, and to the competency of a federal court to render a judgment for the benefit of an alien, where a right of action exists, do not meet the issue raised by the demurrer.

We have a statute which gives a right of action in broad and comprehensive terms, but which has been construed by the decisions of the Supreme Court of the state to be applicable only to cases in which a surviving widow or children may claim its benefits, and the question now to be decided is whether, by the legislative intent the statute is further restricted in its application, so that its benefits may be claimed only by citizens and inhabitants of the state and sojourners therein. The defendant does not contend that an alien widow residing within the state or temporarily present within the state may not claim the protection of the law, but does contend that the general rule for the construction of statutes which confines the force of legislative enactments within the territorial boundaries of the commonwealth, so that only those who owe allegiance to the local government and are entitled to claim its protection and obligated to yield obedience, also restricts beneficial laws in like manner, so that only citizens and inhabitants and temporary sojourners to whom the local government owes protection in return for obedience are entitled to claim benefits. There is a conflict of authorities upon this subject, but my attention has not been directed to any decision by the Supreme Court of this state, or of the courts having appellate jurisdiction to review the decisions of this court which authoritatively determines the question for this court. I believe that the true doctrine has been ably and luminously stated in a well-considered decision by the Supreme Court of the state of Wisconsin, in the case of McMillan v. Spider Lake S. & L. Co., 115 Wis. 332, 91 N. W. 979, 60 L. R. A. 589, 95 Am. St. Rep. 947, and for the reasons set forth in the opinion in that case, I hold that the defendant's contention is correct.

Demurrer overruled.