## Maiorano, Appellant, *v.* Baltimore & Ohio Railroad Company.

*Constitutional law—Treaties—Construction of treaties.*

When rights conferred by a treaty are of such a nature as to be enforced in a court of justice, the court resorts to the treaty for the rule of decision as it would to a legislative enactment.

In construing a treaty the general rule obtains that the court is to be guided by the intention of the parties, and if the words clearly express the meaning and intention, no other means of interpretation can be employed.

The provision in the treaty between the United States and the Kingdom

of Italy which stipulates that the citizens of Italy in the states and territories of the United States shall enjoy, in the protection and security of their persons and property, the same rights which the citizens of the United States enjoy, applies only to such citizens of Italy, who either with respect to their persons or property, are within the jurisdiction of the United States.

*Negligence—Death—Act of April 26, 1855, P. L. 309—Nonresident aliens—Treaty between the United States and Italy—Constitutional law—Nonsuit.*

A nonresident alien, who is citizen of the Kingdom of Italy, has no standing under the treaty between the United States and Italy to maintain an action under the Pennsylvania act of April 26, 1855, for the recovery of damages for injuries to another causing death.

Argued Oct. 23, 1906. Appeal, No. 48, Oct. T., 1906, by plaintiff, from order of C. P. No. 3, Allegheny Co., Aug. T., 1904, No. 478, refusing to take off nonsuit in case of Maria Guiseppa Raffaelo Maiorano v. Baltimore & Ohio Railroad Co. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before McCLUNG, J.

From the record it appeared that plaintiff's husband was killed on the railroad of the defendant on December 23, 1903, near Connellsville, in the state of Pennsylvania. The plaintiff alleged in her statement that she was a resident of the Kingdom of Italy, and a subject of the King of Italy. The court followed the case of Deni v. Pennsylvania Railroad Co., 181 Pa. 525, and entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*G. C. Bradshaw,* with him *Frank Thompson* and *W. H. S. Thompson,* for appellant.—The action in this case is not founded on any attempt to dispute, nor ask the court to overrule the case of Deni v. Pennsylvania Railroad Company, 181 Pa. 525. It is founded on an entirely different matter and raises an entirely different question.

Still it is well to say, that in England, the latest decisions are to the effect that Lord Campbell's act was intended for the benefit of foreigners, and the ruling of the court of King's Bench 'in the case of Davidson v. Hill, L. R. 1901, K. B.,

vol. 2, page 606, has been to the effect that the earlier English decisions were wrong.

The following cases in the United States show that the weight of authority has been that the earlier English and Pennsylvania decisions should be overruled. Cleveland, etc., Ry. Co. v. Osgood, 73 N. E. Repr. 285 ; Mulhall v. Fallon, 176 Mass. 266 (57 N. E. Repr. 386) ; Tanas v. Municipal Gas Co., 88 App. Div. 251 (84 N. Y. Supp. 1053); Romano v. Capital City Brick, etc., Co., 125 Iowa, 591 (101 N. W. Repr. 437) ; Kellyville Coal Co. v. Petraytis, 195 Ill. 215 (63 N. E. Repr. 94) ; Vetaloro v. Perkins, 101 Fed. Repr. 393 ; Augusta Ry. Co. v. Glover, 92 Ga. 132 (18 S. E. Repr. 406).

Treaties are supreme law of the land : Hauenstein v. Lynham, 100 U. S. 483 ; Ware v. Hylton, 3 U. S. 199; Baker v. Portland, 2 Fed. Cases, 777 ; Doehrel v. Hillmer, 102 Iowa, 169.(71 N. W. Repr. 204).

The treaty has been construed by two of the courts of the United States and has been held in both instances to grant to Italians equal rights with Americans to bring an action for death : New Orleans v. Abbagnato, 23 U. S. App. 533 ; Naylor v. P., C., C. & St. Louis R. R. Co., 26 Ohio Cir. Ct. 277.

*John S. Wendt,* with him *Johns McCleave,* for appellee.— It is settled in Pennsylvania that a nonresident alien widow, resident in the kingdom of Italy, has no standing to maintain an action against a resident of Pennsylvania, to recover damages for the death of her husband : Deni v. Penna. R. R. Co., 181 Pa. 525.

The exemption acts in favor of widows and children and laborers are uniformly held to be grounded in public policy, looking to the protection of families in Pennsylvania and to prevent them from becoming charges on the public : Sweeny v. Hunter, 145 Pa. 363 ; Strain's Estate, 32 Pitts. Leg. Jour. 369 ; Troxell's Estate, 13 Montg. Co. 68 ; O'Neill's Estate, 1 Pa. Dist. Rep. 392 ; Brannigan v. Union Gold Mining Co., 93 Fed. Repr. 164.

General statutory language providing indemnity to the next of kin of a person negligently killed, does not apply in favor of nonresident aliens : McMillan v. Lumber Co., 60 L. R. A. 589 ; Dennick v. R. R. Co., 103 U. S. 11.

Where the federal courts apply state statutes allowing suits to recover damages for death, the limitations and conditions annexed to the right of recovery by the state statute govern: The Harrisburg, 119 U. S. 199 (7 Sup. Ct. Repr. 140); The Edith, 94 U. S. 518; The A. W. Thompson, 39 Fed. Repr. 115; Green v. Neal, 31 U. S. 291; State Bank v. Knoop, 57 U. S. 369; Rowan v. Runnels, 46 U. S. 134; Rundle v. Delaware, etc., Canal Co., 55 U. S. 80; Bolles v. Brimfield, 120 U. S. 759 (7 Sup. Ct. Repr. 736); Gormley v. Clark, 134 U. S. 338 (10 Sup. Ct. Repr. 554); Bucher v. Railroad Co., 125 U. S. 555 (8 Sup. Ct. Repr. 974).

The provisions of the treaty between the United States and Italy do not secure to the plaintiff the same right to recover damages for the death of her husband as though she was a resident of Pennsylvania, or even of the United States. The plaintiff never was a resident of the United States, and, at the time of her husband's death, was a resident in Italy and subject of the King of Italy. An examination of the articles of the treaty, invoked by the plaintiff, shows that its provisions, fairly construed, do not confer upon a widow residing in Italy the same right of action, growing out of the negligent killing of her husband, as if she were a resident of or domiciled in the state of Pennsylvania or the United States: The Neck, 138 Fed. Repr. 144; Slaughter House Cases, 83 U. S. 36; Frederickson v. State of Louisiana, 64 U. S. 445.

Opinion by Mr. Justice Stewart, January 7, 1907:

A single fact not appearing, and of course not considered, in the case of Deni v. Penna. R. R. Co., 181 Pa. 525, is relied upon to distinguish this case from that, and exempt it from the operation of the rule there declared. That case expressly decides that a nonresident alien has no standing to maintain an action under the Act of April 26, 1855, P. L. 309, for the recovery of damages for injury to another causing death. There, as here, the party claiming the right of action was a nonresident alien, the citizenship in both cases being in the kingdom of Italy. The fact not disclosed in that case and appearing in this is, the existence of a treaty between the United States and the kingdom of Italy, whereby certain reciprocal rights in the citizens of the several countries are agreed upon and estab-

lished. Article III of this treaty provides as follows: " The citizens of each of the high contracting parties shall receive in the states and territories of the other the most constant protection and security for their persons and property, and shall enjoy in this respect the same rights and privileges as are or shall be granted to the natives on their submitting to the conditions imposed upon the natives." It is unnecessary for present purposes to recite other parts of the treaty, since whatever appears elsewhere upon this particular question is mere matter of detail or amplification. If the plaintiff has the right here contended for. it must be derived from the article above recited.

By express constitutional provision a treaty entered into between the United States and any foreign power is supreme law. The constitution further declares with respect to it, " The judges in every state shall be bound thereby, anything in the constitution of any state to the contrary nothwithstanding." When by such treaty rights are conferred of a nature to be enforced in a court of justice, the court resorts to the treaty for the rule of decision as it would to a legislative enactment: Head Money Cases, 112 U. S. 580. It is frequently necessary in cases of this kind for courts to ascertain by construction the meaning intended to be conveyed by the terms used, and the application of the stipulations of the treaty to particular cases: U. S. v. Rauscher, 119 U. S. 407 ; Scharpf v. Schmidt, 172 Ill. 255. In construing a treaty the general rule obtains that the court is to be guided by the intention of the parties, and if the words clearly express the meaning and intention no other means of interpretation can be employed : Ware v. Hylton, 3 U. S. 199.

These principles are to be observed in determining the question before us—does the stipulation on the part of the United States, that the citizens of Italy in our states and territories shall enjoy, in the protection and security of their persons and property, the same rights which our own citizens enjoy, confer upon the plaintiff the right to recover in an action at law under the provisions of the statute of April 26, 1855, for the death of her husband ? While the treaty stipulates for reciprocal rights, we may for convenience here consider it as a covenant engagement by the United States alone. The rights

granted have regard solely to the protection and security of persons and property, and are such as our own citizens enjoy in connection therewith. These rights are ordinarily incident to but do not constitute citizenship. While the treaty by its terms includes the entire citizenship of Italy, it is obvious that its provisions can avail those only who, either with respect to their persons or property, are within the jurisdiction of the United States. With respect to the particular rights conferred, the treaty places those citizens of Italy who bring their persons or property within the covenant relation, upon an exact equality with our own citizens for the time being. Upon withdrawal of persons or property from the jurisdiction of the United States the rights cease, for in that case they have nothing to operate upon. The plaintiff is a resident of Italy, and, so far as appears, has never been within the limits of the United States, nor has she at any time had property subject to its laws. · Her husband, for whose death she claims to recover, was not a citizen of the United States, but had brought himself into the covenant relation with the United States by coming here. While here he met his death in a collision on the defendant's railroad. There can be no question as to the extent of his rights. Had he survived the accident, he could have maintained an action against the railroad company for the recovery of compensatory damages. His subsequent death would not have abated the action ; it would have survived to his personal representatives to the use of the beneficiaries indicated in the act. The foundation for such action would be the injury and loss the party himself had suffered, and the action would be in his own right. This is the full measure of the right which under similar circumstances would belong to one of our own citizens. At common law the death of a human being could not be complained of as an injury in a civil court, and, therefore, could not be made the ground of an action for damages. While the statute allows such action at the suit of husband, widow, children or parents, the action is not for the enforcement of any right which was in the party killed, but for a wholly distinct cause not affecting in any way the estate or rights of such party ; it is exclusively for such damages as the parties plaintiff in the action have sustained by reason of the death. As

was said in Penna. R. R. Co. v. Zebe, 33 Pa. 318, this latter is a new and independent right given by positive law—not cast upon the parties to whom the statute gives it by survivorship as for injury done the decedent, but is for the wrong done to them as individuals. The measure of damages allowed in such cases is but another expression of the same truth ; the damages are limited to the pecuniary value of the life lost to those who sue, indicating clearly that the right to sue is not as though it came by succession as the right to recover what belonged to the party killed, but an independent cause of action for damages sustained by those who are allowed to bring the action.

What we have said sufficiently indicates the difference between the rights of the plaintiff and those of her husband, and the ground upon which the distinction is based. The injury for which plaintiff sues is her own peculiar injury resulting from the death of her husband, and not for injuries he received. A statute right is given our citizens in such case, but plaintiff, as we have seen, with respect to any such claim is not within any treaty privileges, but is simply an alien. This being the case the doctrine of Deni v. Penna. R. R. Co., 181 Pa. 525, applies, and it results that the nonsuit was properly ordered.

The judgment is affirmed.