ZEIGER v. PENNSYLVANIA R. CO.

(Circuit Court of Appeals, Third Circuit. January 20, 1908.)

No. 34.

1. DEATH—ACTION FOR WRONGFUL DEATH—RIGHT OF ACTION UNDER PENNSYLVANIA STATUTE.

Under the settled construction placed by the Supreme Court of Pennsylvania upon Act April 15, 1851 (P. L. 674), giving a right of action for wrongful death, as amended by Act April 26, 1855 (P. L. 309), giving such right of recovery to the next of kin of deceased, such statute does not confer a right of action on a nonresident alien.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Death, §§ 47, 48.]

2. Courts — Federal Courts — Authority of State Decisions Construing Statutes.

A decision by the highest court of a state, placing a limitation upon the scope of a state statute, whether based upon a construction of its language or upon considerations of public policy, is in either case an interpretation of the statute which must be followed by the federal courts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 956, 957.

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

For opinion below, see 151 Fed. 348.

A. Leo Weil, for plaintiff in error.

M. W. Acheson, Jr., for defendant in error.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

DALLAS, Circuit Judge. The plaintiff in error brought an action to recover damages for the death of his son, which, it was alleged, had been caused by the negligence of the defendant in the operation of a train of cars upon which that son was a passenger. The declaration having set forth that the plaintiff was a citizen and resident of the Kingdom of Hungary, the defendant demurred upon the ground that a nonresident alien parent could not maintain such an action. The demurrer was sustained, and thereupon this writ of error was sued out.

The argument of the plaintiff in error is:

"(1) A nonresident alien should be given the remedy provided by the Pennsylvania acts of 1851 (P. L. 674) and 1855 (P. L. 309). (2) The federal court is not bound by the Pennsylvania decisions denying the remedy to nonresident aliens."

1. It is conceded, as it must be, that, without the Pennsylvania acts referred to, the plaintiff in error could not have maintained his action below; and that those acts did not entitle him to do so we think was clearly shown in the opinion that was filed by the learned District Judge. Zeiger v. Penna. R. R. Co. (C. C.) 151 Fed. 348. To have held otherwise would have been to hold that the state of Pennsylvania had conferred a right of action in the courts of the United States which could not be asserted in its own courts. Deni v. Penna. R. R. Co., 181 Pa. 525, 37 Atl. 558, 59 Am. St. Rep. 676; Maiorano v. Baltimore & Ohio R. R. Co., 216 Pa. 402, 65 Atl. 1077, 116 Am. St. Rep. 778.

2. The contention that the Pennsylvania decisions should not have been regarded as conclusive is founded upon two assumptions, neither of which can be accepted. What was said in Deni v. R. R. Co., supra, upon the subject now under consideration, was not obiter dictum. The suggestion that in that case the point here in question had not been considered by the court of first instance is a mistaken one. It was dealt with by Judge McMichael in the last paragraph of his opinion as reported in the Legal Intelligencer of January 15, 1897, at page 26. The theory that the decisions of the Supreme Court of Pennsylvania, to which we have referred, "do not construe a statute," but "enunci-

ate a supposed policy of the law," is ingenious, but unsound. The Deni Case (as was said in Maiorano v. Railroad Co., supra) "expressly decides that a nonresident alien has no standing to maintain an action under the act of April 26, 1855 ((P. L. 309), for the recovery of damages for injury to another, causing death"; and whether this limitation of the scope of the statute was or was not founded upon considerations of policy is unimportant. The decision was unquestionably an interpreting one. It put a construction upon the statute, and we are "no more at liberty to depart from that construction than to depart from the words of the statute. * * * The construction given by the courts of the several states to the legislative acts of those states is received as true, unless they come in conflict with the Constitution, laws, or treaties of the United States." Elmendorf v. Taylor, 23 U. S. 158, 6 L. Ed. 289.

The judgment is affirmed.