[No. 7618. Decided November 18, 1908.]

BANAGETAS ANUSTASAKAS *et al.*, *Respondents*, v.
INTERNATIONAL CONTRACT COMPANY, *Appellant*.[1]

DEATH—ACTION—DISMISSAL AND NONSUIT—PARTIES—INFANTS—
APPOINTMENT OF GUARDIAN. In an action for wrongful death, the
fact that the guardian of minor plaintiffs was not properly ap-
pointed, would not be ground for a nonsuit, where the complaint
stated a cause of action in favor of the widow.

SAME—ACTIONS—PERSONS ENTITLED TO MAINTAIN—ALIENS. Non-
resident aliens may maintain an action for wrongful death under
our statutes authorizing an action for the benefit of the widow and
children.

Appeal from an order of the superior court for King
county, Gilliam, J., entered May 7, 1908, granting a new
trial, after a nonsuit in an action for wrongful death. Af-
firmed.

*Roberts & Hulbert* and *Ballinger, Ronald, Battle & Ten-
nant*, for appellant.

*Edward Brady*, for respondents.

RUDKIN, J.—This action was instituted by the widow and
minor children of G. K. Anustasakas, deceased, to recover
damages for his death caused, as is alleged, by the neglect of
the defendant. At the close of the plaintiffs' testimony the
court granted a nonsuit, but afterwards set aside the nonsuit
and granted a new trial. From the latter order this appeal
is taken.

There is nothing in the record to indicate the particular
grounds upon which either motion was granted, but in sup-
port of the nonsuit the appellant contends: (1) That the
guardian *ad litem* for the minor respondents was not properly
appointed; (2) that there was no proof of negligence on the

[1]Reported in 98 Pac. 93.

part of the appellant; (3) that the deceased assumed the risk; (4) that the deceased was guilty of contributory negligence; and (5) that nonresident aliens have no right of action to recover damages for death by wrongful act or neglect under our statute.

The fact that the guardian *ad litem* was not properly appointed for the minors, if such be the fact, would not authorize a nonsuit, as the complaint stated a cause of action in favor of the widow at least, unless her alienage would defeat a recovery, a question we will discuss later.

The next three questions may be considered together. It appears from the testimony that the deceased met his death while in the employ of the appellant, and that death resulted from injuries received from a cave in, in a ditch in which he was working. In view of a retrial of the action, we deem it unnecessary to discuss the facts further than to say that under the testimony the questions of negligence, contributory negligence, and assumption of risk, were so clearly for the jury that we are constrained to believe that the nonsuit must have been granted on other grounds. *Christianson v. Pacific Bridge Co.*, 27 Wash. 582, 68 Pac. 191, and cases there cited. *Hilgar v. Walla Walla*, 50 Wash. 470, 97 Pac. 498.

The remaining question is, can a nonresident alien maintain an action to recover damages for death by wrongful act or neglect under our statute. The courts of Pennsylvania, Wisconsin, and Indiana have decided this question in the negative. *Deni v. Pennsylvania R. Co.*, 181 Pa. St. 525, 37 Atl. 558, 59 Am. St. 676; *McMillan v. Spider Lake Sawmill & Lumber Co.*, 115 Wis. 332, 91 N. W. 979, 95 Am. St. 947, 60 L. R. A. 589; *Cleveland etc. R. Co. v. Osgood*, 36 Ind. App. 34, 70 N. E. 839, 73 N. E. 285.

The Federal courts sitting in Pennsylvania, from necessity, follow the decisions of the local courts. *Zeiger v. Pennsylvania R. Co.*, 151 Fed. 348, affirmed in 158 Fed. 809. In *Brannigan v. Union Gold Mining Co.*, 93 Fed. 164, the United States circuit court for Colorado followed the Penn-

sylvania decisions in construing the Colorado statute, and we are informed that the United States circuit court for this state, in a case not reported, followed the Wisconsin decision in construing our statute.* *Woodward v. Michigan etc. R. Co.*, 10 Ohio St. 121; *Texas & Pac. R. Co. v. Richards*, 68 Tex. 375, 4 S. W. 627; *St. Louis etc. R. Co. v. McCormick*, 71 Tex. 660, 9 S. W. 540, 1 L. R. A. 804; *De Harn v. Mexican Nat. R. Co.*, 86 Tex. 68, 23 S. W. 381; and *Mexican Nat. R. Co. v. Jackson*, 89 Tex. 107, 33 S. W. 857, 59 Am. St. 28, 31 L. R. A. 276, cited by appellant from the courts of Ohio and Texas are not in point here, as they simply hold that the statutory right of action will not be enforced by the courts of another state. However, this rule is by no means universal. *Stewart v. Baltimore & O. R. Co.*, 168 U. S. 445, 18 Sup. Ct. 105, 42 L. Ed. 537.

On the other hand, the courts of Massachusetts, New York, Virginia, Illinois, Missouri, Georgia, Alabama, and Tennessee, hold that alienage or nonresidence of the widow or minor children is no defense to actions of this kind. *Mulhall v. Fallon,* 176 Mass. 266, 57 N. E. 386, 79 Am. St. 309, 54 L. R. A. 934; *Tanas v. Municipal Gas Company*, 88 App. Div. 251, 84 N. Y. Supp. 1053; *Pocahontas Collieries Company v. Rukaes, Adm'r*, 104 Va. 278, 51 S. E. 449; *Kellyville Coal Co. v. Petraytis*, 195 Ill. 215, 63 N. E. 94, 88 Am. St. 193; *Philpott v. Missouri Pac. R. Co.*, 85 Mo. 164; *Augusta R. Co. v. Glover*, 92 Ga. 132, 18 S. E. 406; *Luke v. Calhoun*, 52 Ala. 115; *Chesapeake etc. R. Co. v. Higgins*, 85 Tenn. 620, 4 S. W. 47.

In speaking of the Pennsylvania decisions in *Vetaloro v. Perkins*, 101 Fed. 393, Colt, J., said:

"The decisions of the court in both these cases rest largely upon the proposition that no case can be found in which Lord Campbell's act has been extended to nonresident aliens, and that the act has no extra territorial force. This is hardly in accordance with the fact. A more correct statement, it seems

to me, would be to say that the English courts have never questioned the right of a nonresident alien to maintain an action in the common law courts under Lord Campbell's act."

In *Mulhall v. Fallon, supra,* Holmes, C. J., said:

"The question then becomes one of construction, and of construction upon a point upon which it is probable that the Legislature never thought when they passed the act. In view of the decisions to which we have referred, we lay on one side as too absolute some expressions which are to be found in the English cases, and some of which are cited in *Adam v. British & Foreign Steamship Co.,* 79 L. T. (N. S.) 31. Our different relation to our neighbors politically and territorially is a sufficient ground for a more liberal rule, at least as to inhabitants of the United States.

"One or two cases may be found where a general grant of a right of action for wrongfully causing death has been held to confer no rights upon nonresident aliens. *Deni v. Pennsylvania Railroad,* 181 Penn. St. 525; *Brannigan v. Union Gold Mining Co.,* 93 Fed. Rep. 164. But compare *Knight v. West Jersey Railroad,* 108 Penn. St. 250. On the other hand, in several states the right of the nonresident to sue is treated as too clear to need extended argument. *Philpott v. Missouri Pacific Railroad,* 85 Mo. 164, 167. *Chesapeake, Ohio & Southwestern Railroad v. Higgins,* 85 Tenn. 620, 622. *Augusta Railway v. Glover,* 92 Ga. 132, 142, 143. *Luke v. Calhoun County,* 52 Ala. 115, 118, 120.

"Under the statute the action for death without conscious suffering takes the place of an action that would have been brought by the employee himself if the harm had been less, and by his representative if it had been equally great, but the death had been attended with pain. St. 1887, c. 270, Sec. 1, cl. 3. In the latter case there would be no exception to the right of recovery if the next of kin were nonresident aliens. It would be strange to read an exception into general words when the wrong is so nearly identical, and when the different provisions are part of one scheme. In all cases the statute has the interest of the employees in mind. It is on their account that an action is given to the widow or next of kin. Whether the action is to be brought by them or by the administrator, the sum to be recovered is to be assessed with

reference to the degree of culpability of the employer or negligent person. In other words, it is primarily a penalty for the protection of the life of a workman in this state. We cannot think that workmen were intended to be less protected if their mothers happen to live abroad, or less protected against sudden than against lingering death. In view of the very large amount of foreign labor employed in this state, we cannot believe that so large an exception was silently left to be read in. Whether if the statute were of a different kind we could make a distinction between a mother living just across the boundary line between Massachusetts and Rhode Island and one living in Ireland, need not be considered now."

The plea of alienage is not favored in law, and we are of opinion that the rule which permits nonresident aliens to maintain actions of this kind is supported by the weight of authority, and is more in harmony with the liberal cosmopolitan spirit of the age than the narrow provincial rule which would close our courts to widows and orphans solely because they happen to be nonresident aliens.

The order is therefore affirmed.

HADLEY, C. J., FULLERTON, CROW, MOUNT, and DUNBAR, JJ., concur.