SAVELJICH et al. v. LYTLE LOGGING & MERCANTILE CO.

(Circuit Court of Appeals, Ninth Circuit.    September 7, 1909.)

No. 1,676.

DEATH (§ 31[*]) — ACTION FOR WRONGFUL DEATH — CONSTRUCTION OF STATUTE — ACTION BY ALIENS.

Ballinger's Ann. Codes & St. Wash. § 4828 (Pierce's Code, § 256), which provides that, when the death of a person is caused by the wrongful act or neglect of another, an action for damages may be maintained for the benefit of his widow and children, as construed by the Supreme Court of the state, gives such right of action, although the widow and children are nonresident aliens.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 37; Dec. Dig. § 31.[*]

Nonresident aliens as beneficiaries under death acts, see note to Mahoning Ore & Steel Co. v. Blomfelt, 91 C. C. A. 396.]

In Error to the Circuit Court of the United States for the Northern Division of the Western District of Washington.

This is an action at law, brought by the plaintiffs, Staka Radova Saveljich and her several minor children, subjects of the Prince of Montenegro, by their guardian ad litem, Vido Batrichevich, against the defendant, Lytle Logging & Mercantile Company, to recover damages for the death of her husband, Rade Saveljich, who was killed while employed as a laborer by the defendant and engaged in the work of grading, near Porter, Wash., with a scraper operated by means of an engine and cable. A guy rope attached to the scraper and running through a pulley or block gave way, causing the block to be thrown upon Saveljich, killing him instantly. An amended complaint, filed May 5, 1908 alleged, in substance, that defendant, Lytle Logging & Mercantile Company, was and is now a corporation duly organized and existing under and by virtue of the laws of the state of Washington; that Vido Batrichevich was the duly appointed, qualified, and acting guardian ad litem of Mise Saveljich, aged 13 years, Milena Saveljich, aged 3 years, Savo Saveljich, aged 11, years, and Janko Saveljich, aged 5 years, all of whom and their mother were subjects of the Prince of Montenegro; that Rade Saveljich was an able-bodied man, 32 years of age, capable of earning and actually earning $2.50 per day working in the employ of defendant as a common laborer; that on Feb-

ruary 3, 1907, Saveljich was engaged in grading near Porter, Wash., with a scraper operated by means of an engine and cable running through a pulley or block, the block being held in place by two guy ropes, one end of which was fastened to a hook on the pulley or block with an eye in the end of the guy rope, while the other end was fastened to a stump; that Saveljich was working within 10 feet of said cable, where he had been placed by the foreman of defendant, and while said apparatus was in a defective and dangerous condition and insufficient; that the foreman, knowing the dangerous position of Saveljich, and without giving him any warning whatsoever, caused said engine to start in order to move the scraper filled with dirt; that on account of the insufficient and dangerous condition of the apparatus one of the guy ropes gave way, throwing the pulley block upon Saveljich, killing him instantly; that at the time of the accident the apparatus was in a defective and dangerous condition, and was insufficient, in that the hook on said block or pulley to which said guy ropes were fastened was too small and was insufficiently fastened to said stump, all of which defendant knew, or had reason of knowing. Judgment was asked in the sum of $30,000. The defendant demurred to the amended complaint, on the ground, among others, that the plaintiff had no legal capacity to sue. The court sustained the demurrer, on the ground that the plaintiffs were nonresident aliens; and, the plaintiffs refusing to further amend their complaint, the court, on May 25, 1908, entered a judgment of dismissal. From this judgment the plaintiffs prosecute the present writ of error.

John C. Higgins, Calvin S. Hall, and Dallas V. Halverstadt, for plaintiffs in error.

F. S. Blattner, Bamford A. Robb, L. B. Da Ponte, and Blattner & Chester, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). Section 4828 of Ballinger's Annotated Codes & Statutes of the State of Washington (Pierce's Code, § 256) contains the following provision:

"When the death of a person is caused by the wrongful act or neglect of another his heirs or personal representatives may maintain an action for damages against the person causing the death. * * * In every such action the jury may give such damages, pecuniary or exemplary, as under all circumstances of the case may to them seem just."

In 1904 Judge Hanford, in the Circuit Court of the United States for the District of Washington, in the case of Roberts v. Great Northern Ry. Co., 161 Fed. 239, held that the statute of Washington above quoted could not be made the basis of an action where the widow and children are aliens and not within the state nor inhabitants thereof. The court followed the decision of the Supreme Court of Wisconsin in the case of McMillan v. Spider Lake S. & L. Co., 115 Wis. 332, 91 N. W. 979, 60 L. R. A. 589, 95 Am. St. Rep. 947, and stated that the attention of the court had not been directed to any decision by the Supreme Court of the state of Washington upon the subject. When judgment was entered in this case on May 25, 1908, no decision of the question had then been rendered by the Supreme Court of the state, and the Circuit Court followed its decision in Roberts v. Great Northern Ry. Co., supra. On November 18, 1908, the Supreme Court of Washington decided the case of Anustasakas v. International Contract Co., 51 Wash. 119, 98 Pac. 93, holding that nonresident aliens may maintain an action for wrongful death under the statute of that state for the benefit of the widow and children. The court refers to the

decisions of several states upon the subject and finds the weight of authority supports such an action under similar statutes. The construction given to a statute of a state by the highest judicial tribunal of such state is regarded as a part of the statute, and is as binding upon the courts of the United States as the text. Leffingwell v. Warren, 67 U. S. 599, 603, 17 L. Ed. 261; Oakes v. Mase, 165 U. S. 363, 364, 17 Sup. Ct. 345, 41 L. Ed. 746; Pacific Rolling Mills Co. v. James Street Const. Co., 68 Fed. 966, 969, 16 C. C. A. 68; Mahoning Ore & Steel Co. v. Blomfelt (C. C. A.) 163 Fed. 827, 833; Fulco v. Schuylkill Stone Co. (C. C. A.) 169 Fed. 98, 100.

Judgment reversed, with instructions to overrule the demurrer.

NOTE BY THE COURT.—In Great Britain the question whether the representatives of a nonresident alien could maintain an action under the statute known as "Lord Campbell's Act" (St. 9 & 10 Vict. c. 93) was first answered in the negative by Darling, J., in Adam v. British & Foreign S. S. Co., [1898] 2 Q. B. 430, 67 L. J. Q. B. 844, 79 L. T. 31, the court holding that the statute was not for the benefit of aliens abroad; but subsequently the question was answered in the affirmative in Davidsson v. Hill, [1901] 2 K. B. 606, 70 L. J. K. B. 788, 85 L. T. 118, 49 W. R. 630, 9 Asp. M. C. 223, by Kennedy and Phillimore, JJ., the court holding that the act applied as well for the benefit of the representatives of a deceased foreigner as for that of a British subject. In Beven on Negligence in Law, vol. 1, p. 209, the author says:

"A reference to the preamble and first section of Lord Campbell's act would possibly have averted the decision in Adam v. British & Foreign Steamship Co. The object of that act is there stated to be, not to confer a right, but to impose a liability on 'the wrongdoer' 'in every case'—that is, within the words of the enactment."

In this country whether a nonresident alien can maintain an action under statutes similar to the Lord Campbell act has been answered in the negative in two states: Pennsylvania: Deni v. Pennsylvania R. Co., 181 Pa. 525, 37 Atl. 558, 59 Am. St. Rep. 676; Maiorano v. Baltimore & Ohio R. Co., 216 Pa. 402, 65 Atl. 1077, 116 Am. St. Rep. 778; Zeiger v. Pennsylvania R. Co. (C. C.) 151 Fed. 348; Id., 158 Fed. 809, 86 C. C. A. 69; Fulco v. Schuylkill Stone Co. (C. C. A.) 169 Fed. 98. Wisconsin: McMillan v. Spider Lake S. & L. Co., 115 Wis. 332, 91 N. W. 979, 60 L. R. A. 589, 95 Am. St. Rep. 947. But the question has been answered in the affirmative in sixteen states and one territory, as follows: Colorado: Patek v. American Smelting & Refining Co., 154 Fed. 190, 83 C. C. A. 284; Ferrara v. Auric Mining Co., 43 Colo. 496, 95 Pac. 952, 17 L. R. A. (N. S.) 964. Delaware: Szymanski v. Blumenthal, 3 Pennewill, 558, 52 Atl. 347. Georgia: Augusta Railway Co. v. Glover, 92 Ga. 132, 18 S. E. 406. Illinois: Kellyville Coal Co. v. Petraytis, 195 Ill. 215, 63 N. E. 94, 88 Am. St. Rep. 191. Indiana: Cleveland, etc., Ry. Co. v. Osgood, 36 Ind. App. 34, 73 N. E. 285. Iowa: Romano v. Capital Brick & Pipe Co., 125 Iowa, 591, 101 N. W. 437, 68 L. R. A. 132, 106 Am. St. Rep. 323. Kansas: Atchison, etc., Co. v. Fajardo, 74 Kan. 314, 86 Pac. 301, 6 L. R. A. (N. S.) 681. Kentucky: Trotta's Adm'r v. Johnson, 28 Ky. Law Rep. 851, 121 Ky. 827, 90 S. W. 540.

Massachusetts: Mulhall v. Fallon, 176 Mass. 266, 57 N. E. 386, 54 L. R. A. 934, 79 Am. St. Rep. 309. Minnesota: Renlund v. Commodore Mining Co., 89 Minn. 41, 93 N. W. 1057, 99 Am. St. Rep. 534; Mahoning Ore & Steel Co. v. Blomfelt (C. C. A.) 163 Fed. 827. Missouri: Philpott v. Mo. Pac. Ry. Co., 85 Mo. 164. New York: Alfson v. Bush Co., 182 N. Y. 393, 75 N. E. 230, 108 Am. St. Rep. 815. Ohio: Pittsburgh, etc., Co. v. Naylor, 73 Ohio St. 115, 76 N. E. 505, 3 L. R. A. (N. S.) 473, 112 Am. St. Rep. 701. Tennessee: Chesapeake, etc., R. Co. v. Higgins, 85 Tenn. 620, 4 S. W. 47. Virginia: Pocahontas Collieries Co. v. Ruskas' Adm'r, 104 Va. 278, 51 S. E. 449. Washington: Anustasakas v. International Contract Co., 51 Wash. 119, 98 Pac. 93. Arizona: Bonthron v. Phœnix, etc., Co., 8 Ariz. 129, 71 Pac. 941, 61 L. R. A. 563.