# Liberato, et al., *v.* Royer & Herr, et al., Appellants.

*Workmen's Compensation Law—Workmen's Compensation Act of June 2, 1915, P. L. 736, section 310 — Alien nonresidents — Treaty with Italy—Equal rights of nationals.*

The Workmen's Compensation Act of June 2, 1915, P. L. 736, section 310, is not unconstitutional as being in conflict of the treaty between the United States and the Kingdom of Italy as amended February 13, 1913. The treaty guarantees equal rights and protection to the nationals of both countries with respect to cases of injury or death resulting from negligence or unlawful violence, no matter what may be the relation existing between the party injured and the one responsible for the injury.

The Workmen's Compensation Act did not take from any person the right to recover damages for injuries or death resulting from negligence or unlawful violence. The second section of that act made the right more secure where the party injured was an employee of the person responsible for the injury, in that it took away certain defenses theretofore available to employers.

The Workmen's Compensation Act authorized employer and employee to agree upon a system of compensation for injuries sus-

404 LIBERATO *v.* ROYER & HERR et al., Appellants.

tained in the course of employment, and death therefrom resulting, entirely different from that which had prevailed under prior legislation. Under this system an employee can recover for an injury for which his own negligence was entirely responsible, unless it was self-inflicted. The parties are left free to choose, there is upon them no compulsion.

When an employer and employee accept the provisions of the Workmen's Compensation Act, in the manner therein provided, their relations become contractual and their rights are to be determined by their agreement. One of the covenants of the agreement is that nonresident alien parents shall not be entitled to compensation, in the event that the death of the employee results from injuries received by him in the course of his employment.

Submitted March 15, 1923. Appeal, No. 30, March T., 1923, by defendants, from judgment of C. P. Dauphin Co., June T., 1922, No. 397, affirming award of compensation by the Workmen's Compensation Board in the case of Pasquale Liberato and Anna Maria Capon Liberato, by their attorney in fact Giovanni DeSanto, v. S. A. Royer and Albert Herr, trading and doing business as Royer & Herr, and Travelers Insurance Company, insurance carrier. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Appeal from award of Workmen's Compensation Board. Before Fox, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the appeal, affirmed the award of the Workmen's Compensation Board, and entered judgment for the plaintiffs thereon in the sum of $820. Defendants appealed.

*Error assigned* was the judgment of the court.

*E. E. Beidleman,* and *Arthur H. Hull,* for appellant.

*John C. Nissley,* for appellees.

Opinion by Porter, J., July 12, 1923.

The plaintiffs are the father and mother of Guiseppi Liberato, who while employed by the defendants was, on February 9, 1916, killed in the course of his employment, he died unmarried and without issue. The plaintiffs filed with the Workmen's Compensation Board a petition for compensation under the provisions of the Act of June 2, 1915, P. L. 736. The Compensation Board refused compensation on the ground that claimants were aliens, residents of Italy, and never have resided in the United States. The board based this conclusion upon section 310 of the Compensation Act which reads as follows: "Alien widowers, parents, brothers, and sisters not residents of the United States, shall not be entitled to any compensation." The claimants appealed to the Court of Common Pleas of Dauphin County, which held that the above-quoted provision of the statute was invalid because in conflict with the treaty between the United States and Italy, as amended February 13, 1913, and reversed the finding of the board and referred the case back for further action in accordance with the opinion of the court. The board held a hearing de novo, found that the claimants were dependent upon the deceased employee and, in compliance with the decision of the common pleas awarded compensation, in the sum of $820. The defendants thereupon appealed to the court below, which court adhered to its former action and affirmed the award of the board, from which action we have this appeal.

The only question involved is whether or not the provision of the statute, above quoted, contravenes the treaty between the United States and the Kingdom of Italy. It was decided by the Supreme Court in Maiorano v. Baltimore & Ohio R. R. Co., 216 Pa. 402, that a nonresident alien had no standing to maintain an action under the Act of April 26, 1855, P. L. 309, for the recovery of damages for an injury to another causing death, and that this did not involve a violation of the then existing treaty

between the United States and the Kingdom of Italy, which decision was affirmed by the Supreme Court of the United States: 213 U. S. 268. The material provisions of the treaty of November 18, 1871, there involved, were as follows: "Article 3. The citizens of each of the high contracting parties shall receive, in the states and territories of the other, the most constant protection and security for their persons and property, and shall enjoy in this respect the same rights and privileges as are, or shall be, granted to the natives, on their submitting themselves to the conditions imposed upon the natives." It was held in that case that when an Italian subject sojourning in this country was himself given the direct protection and security afforded by our laws to our own people, including the right of action for himself or his personal representatives to safeguard the protection and security the treaty was fully complied with, without going further and giving to his nonresident alien relatives a right of action for damages for his death, although such action was afforded to native resident relatives. Since the decision in that case there have been changes in both the statute law of Pennsylvania and the treaty between the United States and the Kingdom of Italy. The Act of 1855 gave to the widow, parents and others dependent upon the deceased, a right of action to recover damages for his death resulting from negligence or unlawful violence, but this right did not include such parties who are nonresident aliens. The Act of June 7, 1911, P. L. 678, amending the Act of 1855, extended the right of action in such cases and conferred it upon the "husband, widow, children, or parents of the deceased, whether he, she or they be citizens or residents of the Commonwealth of Pennsylvania, or citizens or residents of any other state or place subject to the jurisdiction of the United States, or of any foreign country, or subjects of any foreign potentate." The treaty between the United States and the Kingdom of Italy, as amended in 1913, now reads: "Article 3. The citizens of each of the high

contracting parties shall receive in the states and territories of the other, the most constant security and protection for their persons and property, and for their rights including that form of protection granted by any state or national law which establishes a civil responsibility for injuries or for death caused by negligence or fault and gives to the relatives or heirs of the injured party a right of action which shall not be restricted on account of the nationality of said relatives or heirs, and shall enjoy in this respect the same rights and privileges as are, or shall be, granted to nationals, provided that they submit themselves to the conditions imposed on the latter." It thus appears that so far as the right of parents, or other relatives, to recover for "death caused by negligence or fault" is concerned, the law of Pennsylvania and the treaty are in perfect harmony. These principles apply to all cases of injury or death resulting from negligence or unlawful violence, no matter what may be the relation existing between the party injured and the one responsible for the injury.

The present case is essentially distinct from an action to recover for injuries or death caused by negligence or unlawful violence. The Workmen's Compensation Act of 1915 did not take from any person the right to recover damages for injuries or death resulting from such a cause. The second section of that act made the right more secure where the party injured was an employee of the person responsible for the injury, in that it took away from the employer certain defenses which might prior to the enactment have been effective to prevent a recovery. That statute did, however, authorize the employer and employee to agree upon an entirely different system of compensation for injuries sustained in the course of the employment, and death therefrom resulting; which compensation should in no manner be dependent upon any fault or negligence of the employer. Under this system an employee can recover for an injury for which his own negligence was entirely responsible,

unless the injury or death be intentionally self-inflicted. The parties are left free to choose, there is upon them no compulsion. When, under the provisions of the statute, they contract that any injury sustained by the employee in the course of his employment shall be compensated in either of the ways by the law provided their rights must be determined according to the principles upon which they have agreed. The act did not deprive either employee or employer of any right except by his own consent, conclusively presumed to have been given unless withheld in the manner prescribed by the statute. When the parties accept the provisions of Article 3 of the statute, their relations become contractual, and their rights are to be determined under the provisions of that article: Anderson v. Carnegie Steel Co., 255 Pa. 33. When Guiseppi Liberato accepted the provisions of article 3 of the Workmen's Compensation Law, he covenanted that if he should suffer an injury in the course of his employment and death therefrom resulted, his parents (these claimants) should not be entitled to compensation, if at the time of such injury they were aliens and not residents of the United States. These claimants are attempting to assert a right under the statute, but in violation of the contract by the statute authorized.

It is argued on behalf of appellees, that while the employee may waive his own right to maintain an action for injuries, he cannot bind others, not parties to the contract, and waive their right to recover damages for his death caused by negligence, and the learned court below so held. If this contention is to prevail, then it logically follows that, for the same reason, neither widow, children or parents (whether resident citizens or nonresident aliens) are bound by the contract authorized by the statute, and that such surviving parties have the right to maintain an action and recover damages for death caused by negligence, notwithstanding the provisions of the Workmen's Compensation Act, precisely as they might have done under the preexisting law. This would plain-

LIBERATO v. ROYER & HERR et al., Appellants. 409

403, (1923).]          Opinion of the Court.

ly be the equivalent of declaring to be invalid the benef-
icent provisions of the statute intended to protect the
interests of the dependent relatives of an employee who
might be killed in an industrial accident for which the
negligence of the employer was in no manner responsible.
Such dependents would in every case be remitted to the
uncertainty of an action at law for damages, with the
consequent delay, in which the burden would be upon
them to establish that the death was the result of the
negligence of the employer. The argument is unsound
and fails to take into consideration the only foundation
for the right of parents to maintain an action to recover
damages for the death of an adult son.

What the employee, on behalf of himself and relatives,
waives by the contract is the right to recover damages,
by an action at law, for his injury or death in the course
of his employment resulting from the negligence of the
employer. This contract he is authorized by the statute
to make. What he acquires by the contract is the right
to compensation under the statute for any injury which
he may sustain in the course of his employment, and
the certainty that, in case of his death from such injury,
compensation shall be made to his dependents in the
manner by the statute provided, and this to be in no
manner dependent upon whether the injury or death re-
sulted from any negligence or fault of his employer. The
right of parents to recover damages for negligence re-
sulting in the death of their adult son was statutory:
Pennsylvania R. R. Co. v. Zebe, 33 Pa. 318; Maiorano
v. B. & O. R. R. Co., 216 Pa. 407. This right had its
origin in Pennsylvania in the Act of April 26, 1855; the
earlier Act of April 15, 1851 having conferred the right
only upon the widow, and if there was no widow, upon
the personal representatives of the deceased. Article
III, section 21 of the Constitution provides that in case
of death from injuries the right of action shall survive
"and the General Assembly shall prescribe for whose
benefit such actions shall be prosecuted." Parents had

no property, no vested interest, in the right given by statute to recover damages for negligence resulting in the death of an adult son. That right, founded in statute, was no more sacred than any other. When the right of action had accrued, it may be, that it could not be taken away without due process; but the law itself, as rule of conduct, might be changed at the will of the legislature, unless prevented by constitutional limitation. The legislature might have repealed the Acts of April 26, 1855, P. L. 309, and June 7, 1911, P. L. 678, and limited the right to recover damages to the personal representatives of the deceased and the right of parents to recover for the death of an adult son subsequently occurring would have been at an end. This being so it was entirely competent for the legislature to enact that the employee might by contract elect to have the compensation for injuries or death sustained in the course of his employment determined in the manner by the statute provided, and that is what the Workmen's Compensation Act did. When employer and employee accept the provisions of the statute their relations become contractual, and the statutes which give to parents the right to recover damages for the death of an adult son resulting from the negligence of the employer have no application. It was expressly decided by the Supreme Court in Anderson v. Carnegie Steel Co., supra, that the statute did not violate section 21, of Article III of the Constitution.

These plaintiffs are not seeking to recover for a death caused by negligence or fault; they are not asserting a right within the protection of the treaty between the United States and the Kingdom of Italy. In the construction of a treaty the general rule obtains that the court is to be guided by the intention of the parties, and if the words clearly express the meaning and intention no other means of interpretation can be employed: Ware v. Hylton, 3 U. S. 199 and Maiorano v. B. & O. R. R. Co., 216 Pa. 406. The plaintiffs seek to recover under a contract of their deceased son, which contract was ex-

pressly authorized by statute and under the terms of which they are denied the right to recover.

The judgment is reversed and the record remitted for further proceedings.