### STATE v THORPE

Ohio Appeals, 9th Dist, Summit Co

No 2843.   Decided Dec 8, 1936

Herman E. Werner, Pros. Atty., Akron, and James M. Hinton, Asst. Pros. Atty., Akron, for appellee.

A. K. Meck, Dayton, for appellant.

## OPINION

By STEVENS, J.

Reference will be made to the parties as they appeared in the trial court.

The defendant, Thomas E. Thorpe, was indicted, tried and convicted, in Summit County, Ohio, of the crime of libel, under the provisions of §13383, GC, which section provides as follows:

"Whoever writes, prints or publishes a false or malicious libel of, or concerning, another, or utters or publishes a false or malicious slander of, or concerning, a female of good repute, with intent to cause it to be believed that such female is unchaste, shall be fined not more than five hundred dollars or imprisoned not more than five years, or both. Nothing written or printed shall be a libel unless there is a publication thereof."

The alleged libel was printed in a paper called "The State Akron Indicator," of and concerning one Cletus Roetzel, a member of the bar of Summit County.

The record discloses that said article was written either at Akron, Ohio, or at Sidney, Ohio, by one William Snyder, a servant and employee of the defendant, Thorpe; that the matter from which said article was composed by said Snyder was furnished by defendant to Snyder, and that Snyder was directed by the defendant to write said article—his handiwork being accepted and apparently approved by the defendant.

The record further discloses that the paper in question, the State Akron Indicator, from its contents purported to be published in Troy, Ohio, by "The Messenger Publishing Co., Thomas E. Thorpe, Manager," but the evidence shows that the copies of the paper were printed in Sidney, Ohio, by a commercial printing concern, and from there brought to Akron by defendant's agents, where they were circulated and distributed by said agents. **It does not appear from the record herein that any copies of said paper were distributed elsewhere than in Akron, Summit County, Ohio.**

There are 43 assignments of error urged by defendant, which may be grouped under the following heads:

1. Error in the admission and rejection of evidence.

2. Error in failing to sustain defendant's motion to direct a verdict of acquittal at the conclusion of the state's case, and at the conclusion of all the evidence.

3. Error in the rulings of the trial court upon questions of law.

4. Error in refusing to give defendant's special requests to charge before argument.

5. Error in the general charge of the court.

6. Misconduct of the prosecutor.

7. Misconduct of the court.

The assignments of error will be considered under the above groupings.

We have read the entire record, and considered all of the alleged errors claimed to have intervened in the admission and rejection of evidence, and we find no prejudicial error in that respect.

The alleged error to which the defendant directs his most vehement argument is the failure of the trial court to direct a verdict of acquittal. It is claimed that this should have been done because the evidence of the state (the defendant not having testified and having offered no evidence on the merits of the case) showed that the newspaper in question was published in a county other than Summit County, and that defendant could properly be prosecuted only in the county where the paper was published, and not in the several counties

where the alleged libel may have been circulated. In this connection, great reliance is placed upon the cases of United States v Smith et, 173 Fed. 277 (District of Columbia), and Age-Herald Publishing Co. v Huddleston, 37 A.L.R. 898 (Alabama Supreme Court).

It is true that those cases held that, in the case of a criminal libel published by a newspaper, but one crime was committed, and that in the place of the publishing of the newspaper; and further, that separate crimes were not committed in the several counties of the several states where said papers were distributed and circulated.

The court in the Alabama case reached the conclusion above stated under the provisions of a statute providing that all actions against corporations for personal injuries must be brought in the county where the injuries occurred. The federal case does not appear to have considered the law of Indiana at all with reference to venue, and was disposed of strictly upon the basis above indicated. It may be here observed that these two cases are not in accord with the great weight of authority in the United States.

It will be observed, however, that in each of the above cases the papers involved were long-established newspapers, maintaining bona fide offices and places of publication; and assuming, without deciding, that the same rule pertains in Ohio as was applied in those cases, we are impelled to the conclusion that the peripatetic journal in question cannot be placed in the same category as those long-established papers with bona fide places of publication.

The record herein indicates that the State Akron Indicator claimed Troy, Ohio, as its place of publication, but the evidence shows that the place where the paper was printed was Sidney, Ohio, and we think it fairly inferable from all the evidence before this court that no bona fide place of publication as a newspaper was shown to exist in connection with the ▮▮▮▮▮▮▮ State Akron Indicator. Such being the case, the venue of the offense charged would be in the place of publication, as the term "publication" is used in connection with the crime of libel.

To publish a libel is "to make ▮▮▮▮▮▮▮ it known to communicate it to others."

25 O. Jur., "Libel and Slander," p. 190.

And see Ohio Public Service Co. v Myers, 17 Abs 374.

The finding of the jury that the article in question was a false or malicious libel, published in Summit County, Ohio, is not, in our judgment, manifestly against the weight of the evidence, and we accordingly conclude that the trial court did not err in its refusal to sustain defendant's motion for a directed verdict of acquittal.

The most strenuously urged complaint concerning error in the rulings of the trial court upon questions of law is that directed at the ruling of the trial court that the road in question, which the article claimed to have been improved by the use of W. P.A. funds, had the legal classification of a township road.

Under the evidence appearing in this record, it seems to us that the classification of this road as a township road is in strict accord with the provisions of §7464, GC, and that the trial court, as a matter of law, was required to advise the jury that the road in question was a township road. We find no error in that instruction.

It is next claimed that the trial court erred in refusing to give the several special requests before argument presented by the defendant.

It is well settled in this state that it is not mandatory that the trial ▮▮▮▮▮▮ court give any special instructions to the jury in a criminal case before argument.

Wertenberger v State, 99 Oh St 353.

The requests submitted by the defendant were in part correct statements of law, and were in part incorrect statements, but in so far as any of said requests contained correct statements of law applicable to the case under consideration, they were included by the trial court in its general charge, and therefore no er- ▮▮▮▮▮▮ ror intervened in the refusal of the trial court to give said requests to charge before argument.

We have carefully studied the charge of the trial court, and we are of the opinion that no prejudicial error occurred in the giving of said charge as it was given.

Concerning the claimed misconduct of the prosecutor, the record does not disclose the arguments of all of counsel, or the arguments of any one counsel, and it accordingly does not appear whether the remarks made by the prosecutor which are complained of by counsel for defendant were in answer to the argument of counsel for defendant or not; but the record does disclose that in so far as any remarks made by the prosecutor were not predicated upon evidence contained in the record, the trial court promptly withdrew considera-

tion of said remarks from the jury and instructed the jury to disregard said remarks. We find no such conduct on the part of the prosecuting attorney as leads us to believe that said conduct was prejudicially erroneous to the defendant, and we likewise find no merit whatsoever in the claim of misconduct on the part of the court.

It is our judgment that the case was fully and fairly presented by the state, and that the findings of the jury that the article in question was libelous, that it was false or malicious or both, and that it was published in Summit County, are not only not manifestly against the weight of the evidence, but are sustained thereby.

In our opinion substantial justice has been accomplished in this case, and the judgment of the trial court will therefore be affirmed.

FUNK, PJ, and WASHBURN, J, concur in judgment.