## Liberato et ux. v. Royer & Herr.

*Workmen's Compensation Act—Non-resident aliens—Right to compensation—Treaty between the United States and Italy—Act of June 2, 1915.*

1. Section 310 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, provides, in part, that alien parents, not residents of the United States, shall not be entitled to compensation under that act.

2. The treaty between the United States and Italy proclaimed Nov. 23, 1871, as amended in 1913, provides that citizens of each of the high contracting parties shall receive, in the states and territories of the other, the same rights and privileges as are or shall be granted to natives, including the right of action for death given relatives of the injured party.

3. That part of section 310 of the Workmen's Compensation Act referred to is in conflict with, and in violation of, the treaty with Italy, which is a part of the supreme law of the land, and is, therefore, with reference to non-resident aliens who are subjects of Italy, unconstitutional and void.

Appeal from decision of the Workmen's Compensation Board. C. P. Dauphin Co., Sept. T., 1921, No. 297.

*John C. Nissley,* for plaintiffs; *Beidleman & Hull,* for defendants.

Fox, J., March 22, 1922.—In this case the record discloses that the plaintiffs are non-resident aliens, being citizens and residents of Italy, who, by their attorney-in-fact, instituted an action in trespass against the defendants in the Court of Common Pleas of Dauphin County, to No. 624, January Term, 1917, to recover damages for the death of their son, Gussippi Liberato, who was accidentally killed on Feb. 9, 1916, in this county, in the course of his employment with the defendants. In a case stated, this court decided that the plaintiffs were precluded from prosecuting their claim by an action in trespass, for the reason that neither the employee nor the employers filed the statement in writing provided in section 302 *(a)* of what is commonly known as the Workmen's Compensation Act of June 2, 1915, P. L. 736, rejecting the provisions of article III of the act applicable to their contract of hiring, and that, therefore, they were conclusively presumed to have accepted the provisions of the article and agreed to be bound thereby. After the passage of the Act of July 8, 1919, P. L. 764, being thereby authorized so to do, the claimants instituted proceedings before, and filed a claim with, the Workmen's Compensation Board. The Travelers' Insurance Company, the insurance carrier of the defendants, was granted leave to intervene as party defendant. The matter came on for hearing before the referee, from whose decision the claimants appealed to the Workmen's Compensation Board, and on March 2, 1920, the board set aside the findings of fact and conclusions of law of the referee and allowed a hearing *de novo,* which was held forthwith, and the testimony as taken before the referee was adopted and considered by the board, and in the consideration of the case, two questions were raised: 1. Are

the parents of the deceased, who are citizens and residents of Italy, entitled to compensation? 2. Is there sufficient testimony in the case to warrant the board to award compensation on the grounds of dependency? The board, in its opinion of Oct. 20, 1921, held that the testimony required that the second question should be answered affirmatively; it also held that the plaintiffs, the parents of the deceased, being citizens and residents of Italy, are not entitled to compensation, for the reason that section 310 of the Act of June 2, 1915, P. L. 736, bars them from receiving compensation. From this decision the plaintiffs have appealed to this court.

At the argument another question was suggested, viz., that of the constitutionality of the Act of July 8, 1919, P. L. 764. This, however, was then not pressed, and was dropped by the defendants, and we, therefore, will not give it any consideration.

It is for us to determine the question whether or not that part of section 310 of the Act of June 2, 1915, P. L. 736, which reads as follows, "Alien widowers, parents, brothers and sisters, not residents of the United States, shall not be entitled to compensation," is contrary to the law of the land?

It is contended by the claimants, but the contention is denied by the defendants, that it contravenes the treaty between the United States and Italy, proclaimed Nov. 23, 1871 (17 Stat. at L. 845), which reads as follows: "The citizens of each of the high contracting parties shall receive in the states and territories of the other the most constant protection and security for their persons and property, and shall enjoy in this respect the same rights and privileges as are or shall be granted to the natives on their submitting to the conditions imposed upon the natives," which, as amended February, 1913 (228 Fed. Repr. 235), reads as follows: "The citizens of each of the high contracting parties shall receive in the states and territories of the other the most constant security and protection for their persons and property and for their rights, including that form of protection granted by any state or national law which establishes a civil responsibility for injuries or for death caused by negligence or fault, and gives to relatives or heirs of the injured party a right of action, which right shall not be restricted on account of the nationality of said relatives or heirs, and shall enjoy in this respect the same rights and privileges as are or shall be granted to nationals, provided that they submit themselves to the conditions imposed on the latter."

The right of a dependent parent to recover compensation for the death of a child is purely statutory.

In the case of Maiorano *v.* Baltimore & Ohio R. R. Co., 216 Pa. 402, 407, the court said:

"At common law, the death of a human being could not be complained of as an injury in a civil court, and, therefore, could not be made the ground of an action for damages. While the statute allows such action at the suit of husband, widow, children or parents, the action is not for the enforcement of any right which was in the party killed, but for a wholly distinct cause not affecting in any way the estate or rights of such party; it is exclusively for such damages as the parties plaintiff in the action have sustained by reason of the death. As was said in Pennsylvania R. R. Co. *v.* Zebe, 33 Pa. 318, this latter is a new and independent right given by positive law—not cast upon the parties to whom the statute gives it by survivorship as for injury done the decedent, but is for the wrong done to them as individuals. The measure of damages allowed in such cases is but another expression of the same truth; the damages are limited to the pecuniary value of the life lost to those who sue, indicating clearly that the right to sue is not as though it came by suc-

1 D. & C.

cession as the right to recover what belonged to the party killed, but an independent cause of action for damages sustained by those who are allowed to bring the action.

"What we have said sufficiently indicates the difference between the rights of the plaintiff and those of her husband, and the ground upon which the distinction is based. The injury for which plaintiff sues is her own peculiar injury resulting from the death of her husband, and not for injuries he received. A statute right is given our citizens in such case, but plaintiff, as we have seen, with respect to any such claim, is not within any treaty privileges, but is simply an alien. This being the case, the doctrine of Deni *v.* Pennsylvania R. R. Co., 181 Pa. 525, applies."

The plaintiffs must rely for their recovery upon the Act of June 2, 1915, P. L. 736, which is entitled "An act defining the liability of an employer to pay damages for injuries received by an employee in the course of employment; establishing an elective schedule of compensation, and providing procedure for the determination of liability and compensation thereunder." In section 302 *(a)* it provides, *inter alia*, that "it shall be conclusively presumed that the parties have accepted the provisions of article III of this act, and have agreed to be bound thereby, unless thereby, at the time of the making, renewal or extension of such contract, an express statement in writing from either party to the other that the provisions of article III of this act are not intended to apply, etc." In this case there was no rejection of the provisions of article III by either the employer or the employee, and they are, therefore, conclusively presumed to have accepted the provisions of the article and agreed to be bound thereby.

In the case of Liberato *v.* Royer & Herr, 28 Dist. R. 670, this court, by Kunkel, J., said: "The rights and remedies provided by the act are substituted for those previously existing, and the parties are limited thereto. See Gregutis *v.* Waclark Wire Works, 86 N. J. L. 610; Mathison *v.* Minn. St. Ry. Co., L. R. A., 1916, D, 412." And in the same case this court said "his dependents are in the same position by express enactment in the event of his death," and "under circumstances like those agreed upon in this case, citizen parents would be restricted to the remedy provided by the act, so also non-resident alien parents must be restricted likewise."

The act provides in article III, section 307, clause 7, that "If there be neither widow, widower nor children, then to the father and mother, or the survivor of them, if dependent to any extent upon the employee for support at the time of his death, 20 per centum of wages;" and in the same section, clause 8, that "If there be neither widow, widower, children nor dependent parent, then to the brothers and sisters, if actually dependent to any extent upon the decedent for support at the time of his death, 15 per centum of wages for one brother or sister, and 5 per centum additional for each additional brother or sister, with a maximum of 25 per centum; such compensation to be paid to their guardian;" and by section 310: "Alien widowers, parents, brothers and sisters, not residents of the United States, shall not be entitled to any compensation."

By the treaty with Italy, the relatives or heirs of the party injured by negligence or fault shall not be restricted on account of their foreign nationality, but shall enjoy in this respect the same rights and privileges as are enjoyed by our own citizens; they "shall receive in the states and territories of the other the most constant security and protection for their persons and property and for their rights, including that form of protection granted by any state or national law which established a civil responsibility for injuries

or for death caused by negligence or fault, and gives to relatives or heirs of the injured party a right of action, which right shall not be restricted on account of the nationality of said relatives or heirs, and shall enjoy in this respect the same rights and privileges as are or shall be granted to nationals, provided that they submit themselves to the conditions imposed in the latter."

It is true the Workmen's Compensation Act is not a statute providing for the payment of compensation for damages for any injury caused by negligence or fault only; it is a statute, as broad and comprehensive as it well might may be, providing for payment of damages resulting from an injury sustained during the course of employment in any manner, except such a one as is intentionally self-inflicted; it not only covers those cases that are not resultant from negligence or fault, but it as well covers those cases that are caused by negligence or fault, which are the cases particularly cared for by, and embraced in, the treaty. It is quite within the realm of probability that the greater number of cases of injury are in the latter class. Under the terms of the statute, resident widowers, parents, brothers and sisters of the injured, under certain conditions, are entitled to compensation, yet non-resident alien widowers, parents, brothers and sisters of the injured, under the same conditions, are plainly excluded and are not entitled to any compensation. This is a limitation imposed by the statute upon certain classes of alien non-residents which is not imposed upon our own citizens of the same classes. The former, with respect to damages for injuries through negligence or fault, do not enjoy the same rights and privileges as are enjoyed by the latter, and yet the treaty provides in positive language that those of Italian nationality shall, in respect to civil responsibility for injuries or for death caused by negligence or fault, enjoy the same rights and privileges as our own people enjoy. The statute deprives the one class of a right which it grants to the other. To do this, we think, is such a discrimination as to amount to a clear violation of the treaty made between the United States and the Italian Governments. It is a violation of the supreme law of the land and cannot be sustained.

In the case of Maiorano *v.* Baltimore & Ohio R. R. Co., 213 U. S. 268, Mr. Justice Moody, in delivering the opinion, said: "We do not deem it necessary to consider the constitutional limits of the treaty-making power. A treaty within those limits, by the express words of the Constitution, is the supreme law of the land, binding alike national and state courts, and is capable of enforcement, and must be enforced by them in the litigation of private rights."

We have been referred to but two opinions rendered since 1913, when the amendment to the treaty was made, upon this subject, both having been delivered within Pennsylvania, nor have we been able to find any others. The one is the case of Soiacono *v.* Labaty Brothers, 7 Dept. Reps. 901, in which the court held that this part of the Act of 1915 now under consideration is not in violation of the treaty. We have great respect for the learned judge who rendered this opinion, but apparently he declares that which he believes to be the law without giving any consideration to the amendment to the treaty. We do not concur in his opinion.

The other is the opinion of the then Attorney-General (Brown), who, on May 5, 1915, communicated it to the Secretary of State at Washington, D. C., reported in 24 Dist. R. 373, and 43 Pa. C. C. Reps. 205. The fallacy of this opinion, holding that this part of the Act of 1915 now under consideration is not a violation of the treaty with Italy, is that there is an admission therein of a substantial discrimination between the resident citizen and the alien non-resident (otherwise in the same class). The learned Attorney-General,

1 D. & C.

among other things, says: "The proposed act provides for an elective system of compensation for injuries sustained. It denies to no one any subsisting rights; it merely provides a simpler, surer and more convenient method of enforcing those rights for those who elect to take advantage of its provisions, and it imposes certain limitations in exchange for benefits conferred, amongst which limitations is the denial of alien widowers, parents, brothers and sisters not residents of the United States of the right to receive compensation under the act." He clearly points out a limitation which we think is a discrimination in violation and defiance of the treaty. He, furthermore, in the same paragraph, says: "And in respect of these persons, it may be said that it would be obviously unfair to impose on employers the obligation to conduct investigations in obscure parts of foreign countries to protect themselves from the claims of alleged dependent parents, brothers and sisters, who were not in fact in any way dependent, whereas, wives and minor children require no proof, as a rule, one way or the other." This in effect amounts to depriving one of a right, because it may be difficult or inconvenient for the defendant to defend against the claim of such right. This may be such a reason that the amendment to the treaty was unwise, but it is no such reason which will justify the contravention of the treaty.

We are, therefore, of the opinion that the portion under discussion of the statute is violative of the treaty, as amended in 1913, between the Governments of Italy and the United States, and is unconstitutional.

The exceptions filed by the plaintiffs are sustained and the action of the board is reversed. The record, with this opinion, is directed to be remitted to the Workmen's Compensation Board for further hearing, if necessary, and determination in accordance with the conclusion herein reached.

From William Jenkins Wilcox, Harrisburg, Pa.

NOTE.—In Solacono *v.* Labaty Bros., cited above, Fuller, J., said, as to the alleged conflict between the treaty and section 310 of the Workmen's Compensation Act of June 2, 1915, P. L. 736: "The treaty was made in 1871, long before the idea of compensation was even conceived and forty-four years before the enactment of the Pennsylvania statute. It contains nothing which can possibly be construed to contravene the provisions of our statute denying compensation to non-resident aliens."