and when he did and to rely on the driver of the automobile not running him down."

Though appellant's counsel has argued that the verdict is excessive, no exception was taken as to this and no assignment of error covers it, hence this matter is not before us for consideration. We do not wish, however, by our affirmance of the judgment to be understood as approving it in amount, or the evidence upon which it seems to have been founded, that of two witnesses, girls working in a mill, as to what their wages were, to show the deceased child's likely earnings. It is sufficient to say that this evidence was not objected to and that at the trial defendant was apparently satisfied with it as a proper standard of the earning capacity of the child.

The judgment is affirmed.

---

# Liberato et ux. *v.* Royer et al., Appellants.

*Workmen's compensation—Alien nonresidents—Parents—Equal rights of nationals—Acceptance of act—Contractual relation—Act of June 2, 1915, P. L. 736.*

1. The Workmen's Compensation Act of June 2, 1915, P. L. 736, is not unconstitutional as being in conflict with the treaty between the United States and the Kingdom of Italy as amended February 13, 1913.

2. Such treaty guarantees equal rights and protection to the nationals of both countries with respect to cases of injury or death resulting from negligence or unlawful violence, no matter what may be the relation existing between the party injured and the one responsible for the injury.

3. The Workmen's Compensation Act did not take from any person the right to recover damages for injuries or death resulting from negligence or unlawful violence.

4. Under the system provided by the act, an employee may recover for an injury for which his own negligence was entirely responsible, unless it was self-inflicted.

5. The employer and employee may contract under which system they shall be bound.

228    LIBERATO et ux. *v.* ROYER et al., Appel.

6. If a covenant of such contract is that nonresident alien parents of the workman shall not be entitled to compensation, the parties are bound by it.

Argued May 26, 1924.   Appeal, No. 6, May T., 1924, by defendants, from judgment of Superior Court, March T., 1923, No. 30, affirming judgment of C. P. Dauphin Co., June T., 1922, No. 397, affirming decision of Workmen's Compensation Board in case of Pasquale Liberato and Anna Liberato, his wife, by attorney in fact Giovanni DeSanto, v. S. A. Royer et al., trading as Royer & Herr, and Travelers Insurance Company, insurance carrier. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Appeal from judgment of common pleas to Superior Court.

Judgment of common pleas affirmed and record remitted for further proceedings.   Defendants appealed.

*Error assigned* was, inter alia, judgment, quoting it.

*Paul A. Kunkel,* with him *John C. Nissley,* for appellants.

*Arthur H. Hull,* with him *E. E. Beidleman,* for appellees.

PER CURIAM, July 8, 1924:

The judgment appealed from is affirmed on the opinion of the Superior Court, reported in 81 Pa. Superior Ct. 403.