# Dennis, Administrator, Appellant, v. Monaghan & Losse et al.

*Workmen's compensation—Total disability—Death before adjudi-cation—Survival of right to personal representative.*

When an employee receives an injury resulting in total disability, and compensable under the Workmen's Compensation Act of 1915, and files his claim petition, but dies as a result of the injury before any adjudication and without having received any compensation payments, and prior to the amendment of April 13, 1927, P. L. 186, 194, the right to recover the amount of compensation admittedly due him at the date of his death, survives to his personal representatives.

Argued October 6, 1927.   Appeal No. 56, October T., 1927, by claimant from decree of C. P., No. 3, Philadelphia County, March T., 1922, No. 9260, in the case of Antony Dennis, Administrator of the Estate of John Dennis, Deceased, v. Monaghan & Losse, and the Maryland Casualty Company, Insurance Carrier.   Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Reversed.

Appeal from decision of Workmen's Compensation Board, affirming disallowance of claim.   Before FERGU-SON, J.

The facts are stated in the opinion of the Superior Court.

Appeal dismissed.   Plaintiff appealed.

*Error assigned,* among others, was the order of the court.

*James J. Regan, Jr.,* for appellant.

*Louis Wagner,* and with him *Richard A. Smith* and *Wilbur F. Whittle,* for appellee.

OPINION BY CUNNINGHAM, J., March 2, 1928:

The question involved on this appeal is one of law and arises under our Workmen's Compensation Act of 1915 and certain amendments thereto. It may be thus stated: When an employe receives an injury, resulting in total disability and compensable under the act, and files his claim petition but dies, as a result of the injury, before any adjudication and without having received any compensation payments, does the right to recover the amount of compensation admittedly due him at the date of his death survive to his personal representatives? The issue arose out of these undisputed facts: On April 6, 1921, John Dennis was an employe of Monaghan and Losse and the provisions of the Workmen's Compensation Act applied to the contract of hiring. The Maryland Casualty Company was the employers' insurance carrier. At the time of the injury Dennis was in the course of his employment and was injured while cleaning a concrete mixer. His wages at that time and previous thereto averaged $20 per week. The employers had actual knowledge of the injury. The disability was total and beginning April 16, 1921, Dennis became entitled to receive, in such periodical instalments as his wages were payable before the accident, sixty per centum of his wages, or $12 per week, for a possible maximum period of five hundred weeks. For some undisclosed reason no compensation agreement was made, nor was any compensation ever paid to the injured employe by the employers or their insurance carrier. On October 25, 1921, more than six months after the accident, Dennis filed his claim petition under the provisions of the act but before any adjudication thereof his injuries resulted in his death on November 5, 1921. The compensation due him at the date of his death was for a period of twenty-nine weeks at $12 per week, plus the sum of $24 for medical expenses and supplies, or a

total of $372. Following the death of the employe his dependents claimed and received compensation. Neither the name nor the relationship of any dependent appears upon the record as printed, but we are informed in appellees' brief that the award of the referee in their favor was twenty per cent. of $20 or $4 per week, beginning April 16, 1921, (the tenth day after the injury) and continuing for a period not exceeding three hundred weeks.

On January 9, 1922, letters of administration on the estate of the deceased employe were granted to Antony Dennis, the appellant, who undertook to prosecute in his representative capacity the claim then pending before a referee. On April 6, 1922, the referee disallowed the claim, stating that under the facts the employe had been entitled to the compensation claimed "but as the claimant died on November 5, 1921, the claim of the administrator of the estate [for the compensation due at the date of claimant's death] must be refused." If the right to recover the compensation due the employe at the time of his death did not survive to his administrator the practical result of the manner in which this claim has been handled by the insurance carrier would be that even if the dependents receive compensation for the maximum period the total amount paid on account of the injury and death would be only $1,200; whereas, under the plain provisions of the act, there should have been paid to the injured employe during the twenty-nine weeks elapsing between the date of his injury and the date of his death the sum of $372, and to his dependents the sum of $4 per week for a period not exceeding 271 weeks, or $1,084 —a total of $1,456. The board affirmed the disallowance by the referee and the administrator appealed to the court below. On December 2, 1926, that tribunal dismissed the appeal thereby affirming the action of the referee and the board and the administrator now

appeals to this court.   After reciting the facts the learned judge of the court below said: ''We concur in the views of the Workmen's Compensation Board. The rights of parties and those claiming under them are to be found in the Act. There is no provision under which an administrator can be substituted for the purpose of collecting what is a personal claim.   We are without power to write into the Act such a provision. It required an Act of Assembly to grant the right to a personal representative to continue an action at common law commenced in the life-time of a plaintiff.   Had the Legislature intended that a Workmen's Compensation claim should survive it would have so provided.''

The proposition with which we are here dealing is debatable and authorities entitled to respectful consideration may be found on both sides of the question. (See annotation to Ray, Admr., v. Industrial Insurance Commission, Appt., L. R. A. 1918F 561, where the English and American authorities are collated.)   Prior to 1924 the board had consistently ruled in a number of cases that neither the estate nor the dependents of a deceased employe could recover compensation which had accrued to him and remained unpaid at his death, even where an agreement had been entered into or an award made.   The basis for this ruling seems to have been the conclusion of the board at that time that the right to compensation ''is a personal right which dies with the party.''   In 1924 the board reversed its position and held that the estate of a dependent of a deceased employe ''is entitled to all compensation accruing prior to the death of such dependent.''   It may be observed that the practical importance and effect of the solution of the question here involved has been minimized since the date of the adjudication in the court below by the approval on April 13, 1927, of a further amendment, providing, inter alia, that ''In case

any claimant shall die before the final adjudication of his claim, the amount of compensation due such claimant to the date of death shall be paid to the dependents entitled to compensation or, if there be no dependents, then to the estate of the decedent.'' (Section 5, Act of April 13, 1927, P. L. 186, 194.) Since whatever right this appellant has became vested in him at the time and by reason of the death of the employe this case must be disposed of upon the law as it stood prior to the amendment.

The reasoning of the court below, as we understand it, is that, as an Act of Assembly was required to change the common law rule that actions for a tort to the person of another died with the person to whom or by whom the wrong was done, this appellant should not be permitted to prosecute this claim unless he can point to express statutory authorization. The reference is evidently to Section 18 of the Act of April 15, 1851, P. L. 669, giving to a common law action to recover damages for injuries to the person through negligence the quality of survivorship by enacting that it shall not abate but may be prosecuted by the personal representatives. But we are here dealing, not with a common law claim for damages resulting from negligence, but with the contractual and statutory ''liability of an employer to pay damages for injuries received by an employe in the course of employment.'' A characteristic of all compensation acts is that the common law doctrines of negligence are abrogated; injuries to employes are no longer to be considered as compensable only when resulting from fault or negligence but as a product of the industry itself. The liability of the employer arises out of the contract of hiring; it becomes enforceable upon the happening of the accident; and its extent is defined by the statute. The relation between these employers and their employe was contractual and in entering into the con-

tract each waived certain common law and statutory rights: Liberato v. Royer and Herr et al., 81 Pa. Superior Ct. 403. At the time with which we are concerned there was no provision in the act dealing expressly with the question which this case presents and it must therefore be decided under the general provisions of the act interpreted in the light of the objects which the act was passed to effect. Under the construction adopted by the court below this insurance carrier, by defaulting for a period of seven months in making the payments clearly due the injured employe, would profit, as we have seen, to a material extent. Unless required to do so by the plain provisions of the statute we are not inclined to approve a construction which permits these employers and their insurance carrier to profit through having delayed payments designed to afford immediate relief to an injured employe. Considering our compensation system as a whole we are of opinion that the Massachusetts rule announced in Bartoni's Case, 225 Mass. 349, 114 N. E. 663, L. R. A. 1917E, 765, should be applied here. The Supreme Judicial Court of Massachusetts takes a middle ground between the extreme English view (also adopted in Ohio) that the compensation fixed by law is set off from the fund to compensate the injured employe, or his dependents in the event of his death from the injury, and is so fully vested that the personal representatives of the employe or dependent may recover any balance which either of them would have received if he or she had lived and the opposite extreme view, adopted by some states, to the effect that the right to receive compensation is so purely personal that an estate cannot collect even payments which had accrued prior to the death of the employe or dependent. Under the Massachusetts act and also under our system the right to the weekly award does not vest absolutely in the injured employe or his dependent for the entire respec-

tive maximum periods but continues, in the case of the employe, only until the disability ceases or changes in extent or the death of the employe occurs and, in the case of dependents, only until death, remarriage, or the occurrence of certain other circumstances specified in the act. In Bartoni's case, supra, it was held that the administrator of the widow of an injured employe was not entitled to recover any undue future instalments of the compensation awarded to her, but could recover any instalments of compensation which were due but unpaid at the time of the death of the dependent.

A consideration of our act as a whole for the purpose of ascertaining the general legislative intent therein expressed leads us to the conclusion that the principle thus laid down is in accord with that intent. Its application to the facts in this case requires us to hold that appellant is entitled to an award of the payments which had accrued prior to the death of his intestate and to sustain the eleventh assignment charging error in dismissing the appeal from the decision of the Workmen's Compensation Board. The practical effect of the conclusions herein stated is that the appellant is entitled to an award of the $372 due at the death of the employe and the dependents to an award of $4 per week for a possible maximum period of two hundred and seventy-one weeks. If the dependents have been overpaid, as may be the case in view of the length of time which has now elapsed since the injury and death, any equities the employers, or their insurance carrier, may set up can be considered and adjudicated by the board or by the Orphans' Court as the facts may warrant. Under all the circumstances, we are of opinion that the proper procedure would be for the Common Pleas to reinstate the appeal from the decision of the board, sustain the exceptions there-

to and return the case to the board for a new adjudication not inconsistent with this opinion.

The order of the court below dismissing the appeal is reversed; the appeal is reinstated and the record remitted with a procedendo.