CARLO CALIENDO'S (dependents') CASE.

Suffolk.    December 2, 1914. — December 29, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Workmen's Compensation Act,* Dependency.

Under St. 1911, c. 751, Part II, §§ 6, 7, if the mother and sister of a deceased employee, whose death resulted from an injury arising out of and in the course of his employment, at the time of his death had become unable to follow their usual occupations by reason of failing eyesight and had been forced to rely wholly upon the deceased employee for the means of subsistence, they can be found by the Industrial Accident Board to have been wholly dependent upon him within the meaning of the statute, although an aunt of the deceased employee from time to time had made remittances of money to the employee's mother and a pittance was earned by another sister of the employee, if it appears that the remittances from the aunt were mere gratuities that could not be relied upon by the alleged dependents and that the pittance earned by the sister hardly was sufficient for her own support and no part of it was paid to the alleged dependents or could be relied upon by them.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board.

The case was heard by *Jenney,* J.   The material facts found by the Industrial Accident Board are stated in the opinion.   At the hearing before the board the insurer asked them to make the following rulings:

1. Upon all the evidence the board must find that the deceased employee left no person or persons totally dependent upon his earnings for support.

2. Upon all the evidence the board must find that the mother of the deceased workman was not totally dependent upon his earnings for support.

3. Upon all the evidence the board must find that the sister of the deceased workman, Celia Caliendo, was not totally dependent upon the earnings of the deceased workman for support.

4. If the board find that the mother of the deceased workman depended for her means of subsistence upon her earnings besides the earnings of her son, the board must find that the mother was not totally dependent upon the earnings of the deceased employee.

5. If the board find that the mother of the deceased workman depended for her means of subsistence upon the contributions of her sister-in-law Florinda Petrozino besides the earnings of her son, the board must find that the mother was not totally dependent upon the earnings of the deceased employee.

6. If the board find that the mother of the deceased workman depended for her means of subsistence upon the earnings of one of her daughters besides the earnings of her son, the board must find that the mother was not totally dependent upon the earnings of the deceased employee.

7. If the board find that the sister of the deceased workman, Celia Caliendo, depended for her means of subsistence upon the earnings of her mother besides the earnings of her brother Carlo, the board must find that the sister was not totally dependent upon the earnings of the deceased workman.

8. If the board find that the sister of the deceased workman, Celia Caliendo, depended for her means of subsistence upon the earnings of her sister besides the earnings of her brother, the board must find that the sister was not totally dependent upon the earnings of the deceased employee.

9. If the board find that the sister of the deceased workman, Celia Caliendo, depended for her means of subsistence upon the contributions of her aunt Florinda Petrozino besides the earnings of her brother, the board must find that the sister was not totally dependent upon the earnings of the deceased employee.

10. If the board find that the deceased workman was not the only person to supply his mother and sister Celia with the means for their subsistence, the board must find that the mother and the sister Celia were not totally dependent upon the earnings of the deceased employee.

The decision of the Industrial Accident Board contained the following findings:

"The evidence shows that Florinda Petrozino had at times sent money to the mother of the deceased employee during a period covering more than fourteen years, the highest amount at one time being $5 and the lowest amount $2 and that in all, up to the present, she had sent money about forty times. It does not appear on the evidence when the aunt Florinda Petrozino, began to send money to the parents of Carlo Caliendo. She was on a visit to Italy about fourteen years ago and she had sent money to the mother before that time, and since, and apparently most of the money that she sent was after the death of the employee. All of the money so paid was in the form of a gratuity. The earnings of the sister, who was an apprentice, were hardly sufficient to support herself, and there is no evidence to show that any of her earnings were paid to the mother or sister, and we find that there was no dependency either upon the sister or upon the aunt.

"We find that the mother and Celia were totally dependent upon the wages of Carlo for support and we find that there is due from the insurer the amount of $4 a week from the date of the injury, to continue for a period of three hundred weeks one half to be paid to the administratrix for the benefit of the mother and one half to be paid to the sister, Celia Caliendo."

The judge made a decree in accordance with the findings and decision of the board; and the insurer appealed.

The case was submitted on briefs.

*V. Orlandini,* for the insurer.

*C. H. Rogers,* for the dependents.

BRALEY, J. "If death results from the injury, the association shall pay the dependents of the employee, wholly dependent upon his earnings for support at the time of the injury, a weekly payment equal to one half his average weekly wages, but not more than ten dollars nor less than four dollars a week, for a period of three hundred weeks from the date of the injury." St. 1911, c. 751, Part II, § 6. It was a question of fact whether the mother and sister of the deceased employee to whose support he had contributed were wholly dependent upon him within the provisions of the statute. *Bartley* v. *Boston & Northern Street Railway,* 198 Mass. 163. *Potts* v. *Niddrie & Benhar Coal Co., Limited,* [1913] A. C. 531, 538.

The evidence shows that they are residents of Italy, and, hav-

ing become unable by reason of failing eye sight to follow their usual occupations, were forced to rely wholly upon him for the means of subsistence. The insurer, however, contends, that the six or seven cents a day earned by another sister who was a member of the family, and the remittances from time to time to the mother of various sums by an aunt of the decedent were sufficient to take the case out of the statute. But the findings, that the remittances were mere gratuities, and that the pittance earned by the sister was hardly sufficient for her own maintenance and that no part was paid to the dependents who never relied upon either for aid, eliminates those relatives as contributing and dependable sources of support.

It being plain on the facts that during his life the mother and sister had no other source of income except his earnings, they rightly were found to have been wholly dependent upon the employee, and the rulings requested could not be given. *Pryce* v. *Penrikyber Navigation Colliery Co., Limited,* [1902] 1 K. B. 221.

*Decree affirmed.*