J. P. SCHUMACHER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 59612.   Promulgated August 22, 1935.

*Ernest H. Emery, C. P. A.*, for the petitioner.
*Bruce A. Low, Esq.*, for the respondent.

OPINION.

BLACK: There is no dispute here as to the amount of income. That has been stipulated. The income was originally reported as community income, petitioner and his wife each returning one half. The respondent added to petitioner's income the portion returned by the wife and in the notice of deficiency stated as his reason therefor that " a non-resident alien is not entitled to report income on the community basis." Petitioner says he was a resident alien, his residence being in the State of Texas. Respondent, assuming domestic residence for the purpose of argument, counters with two propositions. First, that a partner's distributive share of partnership income is taxable in whole to the partner and is not divisible between husband and wife on a community property basis. Second, that under the provisions of Texas statutes it is necessary that petitioner prove that the country of which he was a subject, Holland, grants community property rights to citizens of the United States resident in that country. If either of the latter propositions is correct it will not matter whether petitioner was a resident or nonresident during the taxable years.

To sustain his contention that partnership income may not in any event be divided, counsel for the respondent cites a number of cases. Upon examination these do not seem to us to be in point. For instance, *Lucas* v. *Earl*, 281 U. S. 111, and *Burnet* v. *Leininger*, 285 U. S. 136, are not community property cases. In *Larsen* v. *Burnet*, 50 Fed. (2d) 308, the taxpayer was a member of a partnership organized in Oregon, a noncommunity state. He originally claimed the right to report his income as community income but later conceded error in that respect, and the case was decided on another point. The respondent's contention here is contrary to the holding of *Rucker* v. *Blair*, 32 Fed. (2d) 222, which arose in the State of Washington, a community property state. There the husband was a member of a partnership and the court held that his " distributive share [of the partnership income] was community income, and was properly returned as such." To the same effect are the published rulings of the Bureau of Internal Revenue. See I. T. 1576, C. B. II-1, p. 144; G. C. M. 9422, C. B. X-1, p. 245; G. C. M. 9825, C. B. X-2, p. 146. In accordance with these holdings, we are of the opinion that petitioner was entitled to treat as community income his distributive share of the partnership income if it is shown that his

status was such as to make him subject to the community property laws of Texas. ˙

The provisions of the Texas statutes which respondent says make it necessary for petitioner to prove that Holland extends community property rights to citizens of the United States are as follows:

ART. 4627. (4629) (2975) (2859) *Rights of persons married elsewhere.*— The marital rights of persons married in other countries who may remove to this State shall, in regard to property acquired in this State, during the marriage, be regulated by the laws of this State.

ART. 177. (15) (9) *Personal property.*—Aliens shall have and enjoy in this State such rights as to personal property as are or shall be accorded to citizens of the United States by the laws of the Nation to which such alien shall belong or by the treaties of such Nation with the United States.

The first provision quoted, article 4627, would seem to make petitioner's acquisition of property in the State of Texas subject to the community property statutes. There seems to be no question but that the income here involved was acquired during the residence of petitioner and his wife in Texas, and was not acquired as the separate income of either, hence under article 4619 of Vernon's Civil Statutes it would be "the common property of the husband and wife." But respondent says that article 177 quoted above makes it necessary for petitioner to prove that citizens of the United States residing in Holland are accorded communal rights in property and the privilege of reporting income on the community property basis under the laws of that Nation. The courts of Texas do not take that view. In *Southwestern Surety Ins. Co.* v. *Vickstrom*, 203 S. W. 389, under similar provisions of earlier statutes it was contended that certain claimants of workmens' compensation could not be beneficiaries by reason of their being aliens and had not proved that the foreign country where they lived accorded like privileges to citizens of the United States. The court held that statute to be " an enlarging and not a restricting act ", and stated as follows:

* * * In other words, the provisions of our law must first be looked to in determining the rights which would in any event accrue to an alien, regardless of whether or not his own country granted reciprocal ones to our citizens: but if it did, and then went further and accorded more than we had first provided for, our law, in the absence of restrictive provisions, express or implied, would ipso facto become expanded until it comprehended the additional benefits allowed by that of the foreigner's domicile.

Under the rule of the above case, as we understand it, an alien in Texas is accorded at least rights equal to those of a citizen. If he seeks more, then, and only then, must he prove his rights thereto under the laws of the foreign nation. In the case before us the petitioner asks only that he be granted the same rights as citizens of Texas. He does not ask more and consequently there is no necessity for him to prove either the law of Holland or make claim under any treaty with that nation.

As indicated above, the parties differ as to whether petitioner was a resident or nonresident alien in the taxable years. Article 1022 of Regulations 74 provides in part as follows:

An alien actually present in the United States who is not a mere transient or sojourner is a resident of the United States for purposes of the income tax. Whether he is a transient or not is determined by his intentions with regard to the length and nature of his stay. A mere floating intention, indefinite as to time, to return to another country is not sufficient to constitute him a transient. If he lives in the United States and has no definite intention as to his stay, he is a resident. One who comes to the United States for a definite purpose which in its nature may be promptly accomplished is a transient; but if his purpose is of such a nature that an extended stay may be necessary for its accomplishment, and to that end the alien makes his home temporarily in the United States, he becomes a resident, though it may be his intention at all times to return to his domicile abroad when the purpose for which he came has been consummated or abandoned. An alien whose stay in the United States is limited to a definite period by the immigration laws is not a resident of the United States within the meaning of this article.

There are expressions in the above quotation, which, taken alone, are favorable to either side of the question. The respondent places stress on the last sentence of the quoted provision and says that that rules the question here. We do not believe that that is decisive. In the first place there is some degree of inconsistency between that sentence and the latter part of the preceding one in that a stay may be "limited to a definite period" but may nevertheless be "an extended stay", as was true in this case. Moreover, we are inclined to doubt the validity of the last sentence in so far as it purports to establish conclusively the ultimate fact of nonresidence based entirely on the one fact of limitation of stay and regardless of other facts. Irrebuttable presumptions are not favored. Cf. *Heiner* v. *Donnan*, 285 U. S. 312. In view of the varying definitions of the term "residence" the question is one to be determined by all the facts and circumstances in each case. Cf. *L. B. Peeples*, 27 B. T. A. 879. The petitioner in this case came to the United States in 1925 and engaged in business in Texas. He was joined by his family in the same year. His business headquarters and his home have been in Texas ever since 1925. During his several temporary absences from the United States he maintained his business connections and headquarters in Texas, left personal property there, and each time he returned there, manifestly regarding it as his home.

Even though it might be held that petitioner had not established a domicile in Texas during the taxable years in question, nevertheless it seems clear that he had established a residence there and such fact made him a resident alien.

As to the Federal income tax in the United States, it seems to be definitely settled by the case of *Bowring* v. *Bowers*, 24 Fed. (2d) 918; writ of certiorari denied in 277 U. S. 608, that residence alone

would make one liable to the tax even though he had an established domicile in a foreign country. The case was the rather extreme one of a man who had a domicile in England but was engaged in business and lived with his family in New York most of the time for more than twenty years. The court said: "It is true that residence is ordinarily used as the equivalent of domicile in statutes relating to probate administration and succession taxes. So, as might be expected in the Revenue Acts, the word 'resident', when employed in the portion of these acts dealing with the Estate Tax law, means 'domiciled' and has been so construed by the practice and regulations of the Department  *  *  *. But in personal and income taxes domicile has played no necessary part and residence at a fixed date has determined the liability for the tax."

Petitioner's testimony is that he came to this country as a so-called "visitor" under the immigration laws rather than as a quota immigrant, for the reason that the nature of his business made it necessary for him to be able to leave and reenter the United States without delay. He adopted the course of entering on a visitor's visa on consular advice, and his explanation of the reason therefor seems reasonable. Petitioner's conduct in establishing business and domestic headquarters in Texas and his maintenance of them over a period of years convince us that he should be classified as a resident alien during the taxable years.

It follows from what we have thus far held that petitioner was entitled to return his income on a community basis. Counsel for petitioner concedes that in the event of such holding the assessments were timely under the Joint Resolution of Congress (H. J. Res. 340) approved June 16, 1930, which extends the statutory period in certain community property cases. Upon the issue of the statute of limitations, the Commissioner is sustained.

*Decision will be entered under Rule 50.*