AMIRALI BUDHWANI, PETITIONER *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

Docket No. 9722–76.     Filed May 22, 1978.

Amirali Budhwani, pro se.
*Robert E. Dallman,* for the respondent.

WILBUR, *Judge:* Respondent determined a deficiency of
$1,524.06 in petitioner's Federal income tax for the calendar year
1974. The sole issue for decision is whether $5,000 of income
earned by petitioner in the United States during 1974 is exempt
from United States tax under the provisions of the income tax
treaty between the United States and Pakistan.

FINDINGS OF FACT

Some of the facts have been stipulated and are found
accordingly.

Petitioner maintained his legal residence in Glendale Heights,
Ill., at the time he filed the petition in this case. He timely filed
his Federal individual income tax return for calendar year 1974,
Form 1040 NR: U.S. Nonresident Alien Income Tax Return,
with the appropriate Internal Revenue Service Center.

Petitioner is a citizen of Pakistan who arrived in the United
States from Pakistan on January 5, 1973. Upon his arrival, and
until he established his own place of residence, petitioner
temporarily stayed with a friend who lived in Chicago. Petition-
er's entry in 1973 was pursuant to an application that he filed
with the United States in 1972, on which he stated his reason for
coming to this country was to be a student.

Petitioner was granted an entry visa status of "F–1" upon
arrival in 1973. A person granted admittance to the United

States as a nonimmigrant student under an "F–1" visa is admitted solely for the purpose of pursuing a full course of study at an approved school. Accordingly, it is not anticipated that the student will work off-campus either for wages or for board and lodging. Permission for the student to accept part-time employment may be granted, upon proper application, but only where the student can show that such employment is necessary to maintain himself as a student and that the necessity is due to unforeseen circumstances arising after acquisition of student status. Where employment is permitted, it may not be allowed to interfere with the student's ability to pursue a full course of study, and in no event may such employment exceed 20 hours per week while school is in session.[1]

Prior to his arrival in the United States, petitioner had received a 2-year degree in Pakistan with a concentration in mechanical technology. Beginning with the 1973 spring semester, petitioner was enrolled as a foreign student in the mechanical engineering program at the Central YMCA Community College in Chicago, Ill. He was considered by the Community College to be enrolled "full time" as a student there during the spring and fall semesters in 1973, and during the summer and fall semesters in 1974. During these 4 semesters, petitioner enrolled in a total of 42 semester credit hours, and successfully completed 27 credit hours. He was not an enrolled student in the Community College program for the spring 1974 semester, nor was he a student at any time during 1975 or 1976. While a student at the Community College, petitioner paid the tuition rates normally paid by students nonresident in Illinois, and made no attempt to qualify for the lower Illinois resident tuition charge because of the school's knowledge of his entry into the country pursuant to an "F–1" visa.

In June of 1973 petitioner began employment with the Continental Machine Co. (Continental) in Elk Grove Village, Ill. He was employed full time (8 hours a day) by Continental, working the day shift and scheduling classes for the evenings. This employment at Continental was generally related to petitioner's major area of academic study. Petitioner continued his full-time employment at Continental during the years 1974

---

[1]See sec. 101(a)(15)(F), Immigration and Nationality Act, 8 U.S.C. sec. 1101(a)(15)(F) (1970); 8 C.F.R. sec. 214.2(f)(6) (rev. ed. 1977).

and 1975, with the exception of a 2½ month layoff and 1 week of employment at another company during 1975. The petitioner was in Pakistan from January through May of 1976. He resumed employment at Continental in June 1976, and worked full time there through the end of the year. For the years 1973 and 1974, petitioner paid no income tax to Pakistan on the salary he earned while in the United States.

Petitioner applied for permanent residency status in the United States in March of 1975. Such application was motivated, at least in part, by adverse financial circumstances bankrupting the family business in Pakistan. Before applying for permanent residence, petitioner had planned to return to Pakistan after completion of his studies in this country. Petitioner was granted permanent residence status by the United States on November 26, 1975.

On his Federal income tax return for 1974 petitioner claimed an exclusion from gross income in the amount of $5,000. The exclusion claimed was based on provisions of the income tax treaty between the United States and Pakistan relating to the income of Pakistani residents in this country solely as students. Respondent determined that petitioner is not entitled to exclude any amount received as wages in 1974 from gross income.

## OPINION

The sole issue for decision is whether $5,000 earned in 1974 by petitioner, a citizen of Pakistan living in the United States, is exempt from U.S. tax under the provisions of the income tax treaty between the United States and Pakistan. To qualify for the treaty exclusion, petitioner must prove: (1) That he was a resident of Pakistan for treaty purposes; and (2) that he was temporarily present in the United States *solely* as a student during the taxable year 1974.[2] Respondent contends that the

---

[2]The relevant provisions of the income tax convention between the United States and Pakistan are as follows:

ARTICLE XIII

(1) A resident of one of the contracting States who is temporarily present in the other contracting State solely

(a) as a student at a recognized university, college or school in such other State * * *

    *       *       *       *       *       *       *

shall be exempted from tax by such other State (i) on all remittances from abroad for the purposes of his maintenance, education or training, and (ii) with respect to an amount not in excess of 5,000 United States dollars for any taxable year, representing compensation for personal services.

petitioner failed to meet either of the prerequisites for the exclusion under the treaty. We agree with respondent.

## I. Petitioner Not a Resident of Pakistan

Respondent argues that petitioner was not a resident of Pakistan for treaty purposes in 1974, but was a resident alien of the United States, and was therefore not eligible for the $5,000 exclusion under the provisions of the treaty. The treaty defines "resident of Pakistan" as an individual "resident in Pakistan for purposes of Pakistan tax *and* not resident in the United States for the purposes of the United States tax." (Emphasis added). Petitioner fails both tests.

First, there is no evidence in the record suggesting that petitioner was a "resident of Pakistan for purposes of Pakistan tax." Petitioner testified that he paid no Pakistan tax on his compensation from Continental for the years 1973 or 1974. In the absence of any other evidence regarding petitioner's tax status in Pakistan, we must conclude that petitioner was not subject to the Pakistan income tax in 1974.

Second, we believe petitioner was a resident in the United States in 1974 for purposes of the United States tax. Residence is an elusive concept which is undefined by both the Code and the legislative history of section 872.[3] See *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957). A person may acquire a residence for United States tax purposes even though he does not intend to reside permanently and has a domicile elsewhere.[4]

---

ARTICLE II

(1) In the present Convention, unless the context otherwise requires:

(h) The term "resident of the United States" means any individual or fiduciary who is resident in the United States for the purposes of the United States tax, and not resident in Pakistan for the purposes of the Pakistan tax * * *.

(i) The term "resident of Pakistan" means any person (other than a citizen of the United States or a United States corporation) who is a resident in Pakistan for the purposes of Pakistan tax and not resident in the United States for the purposes of the United States tax. * * *

(j) The terms "resident of one of the contracting States" and "resident of the other contracting State" mean a person who is a resident of the United States or a person who is a resident of Pakistan, as the context requires * * * . [Income Tax Convention with Pakistan, July 1, 1957, arts. XIII, II, 24 Fed. Reg. 10100 (1959), reprinted in part in 1960–1 C.B. 755.]

[3]Statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

[4]Residence is not equivalent to domicile for Federal income tax purposes. See *Patino v. Commissioner*, 13 T.C. 816, 821 (1949), affd. 186 F.2d 962 (4th Cir. 1950); *Schumacher v. Commissioner*, 32 B.T.A. 1242, 1247 (1935).

See *Marsman v. Commissioner*, 205 F.2d 335, 338 (4th Cir. 1953), affg. on this issue 18 T.C. 1 (1952), cert. denied 348 U.S. 943 (1955); *Cooper v. Commissioner*, 15 T.C. 757, 763 (1950). The determination of residence is , ultimately, a factual question and must be made in the light of all the facts and circumstances. See *Adams v. Commissioner*, 46 T.C. 352, 358 (1966).

The relevant guidelines for determining the residence of alien individuals are found in section 1.871–2, Income Tax Regs., which provides:

(b) *Residence defined.* An alien actually present in the United States who is not a mere transient or sojourner is a resident of the United States for purposes of the income tax. Whether he is a transient is determined by his intentions with regard to the length and nature of his stay. A mere floating intention, indefinite as to time, to return to another country is not sufficient to constitute him a transient. If he lives in the United States and has no definite intention as to his stay, he is a resident. One who comes to the United States for a definite purpose which in its nature may be promptly accomplished is a transient; but, if his purpose is of such a nature that an extended stay may be necessary for its accomplishment, and to that end the alien makes his home temporarily in the United States, he becomes a resident, though it may be his intention at all times to return to his domicile abroad when the purpose for which he came has been consummated or abandoned. An alien whose stay in the United States is limited to a definite period by the immigration laws is not a resident of the United States within the meaning of this section, in the absence of exceptional circumstances.

In addition to the applicable tests contained in sections 1.871–2(b), and 1.871–4, Income Tax Regs., establishes a rebuttable presumption concerning an alien's residence:

Sec. 1.871–4 Proof of residence of aliens:

\*        \*        \*        \*        \*        \*        \*

(b) *Nonresidence presumed.* An alien, by reason of his alienage, is presumed to be a nonresident alien.

(c) *Presumption rebutted—* \* \* \*

(2) *Other aliens.* In the case of other aliens, the presumption as to the alien's nonresidence may be overcome by proof—

(i) That the alien has filed a declaration of his intention to become a citizen of the United States under the naturalization laws; or

(ii) That the alien has filed Form 1078 or its equivalent; or

(iii) Of acts and statements of the alien showing a definite intention to acquire residence in the United States or showing that his stay in the United States has been of such an extended nature as to constitute him a resident.

Applying these standards to the facts in the record, and recognizing that the question of residence is factual, we conclude

that petitioner was a resident of the United States in 1974 for income tax purposes. In reaching this conclusion, we have considered all of the facts in the record as well as the presumption set forth in the regulations.

Initially we note that petitioner entered this country in January 1973 with the definite purpose of obtaining an education in a technical field of study. The pursuit of this objective could, in our opinion, be accomplished only through petitioner's presence in this country for an extended period of time, probably somewhere between 2 and 5 years. Moreover, petitioner's stay in this country was not limited to a definite period by his "F–1" visa. Although such visas are usually granted for an initial period of 1 year, they are subject to yearly renewals as needed to complete one's course of study.[5] Thus, petitioner could expect to be allowed the flexibility to extend his stay indefinitely according to the requirements of his educational program, which in petitioner's case, proceeded more slowly than normal.

We must also consider petitioner's full-time employment at Continental, beginning in June 1973, as evidence of petitioner's intention to be in this country for a lengthy period of time. Such employment could only serve to extend the time required for petitioner to complete his formal education. Given these facts, together with the fact that petitioner was physically present in this country for 2 years by the end of 1974, we are unable to find that petitioner's intention was that of a mere transient. Cf. *Adams v. Commissioner, supra.*

We recognize that under section 1.871–4(b), Income Tax Regs., petitioner is presumed to have been a nonresident. However, we find that the record as a whole, particularly petitioner's extended presence in this country with his educational goals far from being achieved by the end of 1974, indicates a definite intention to acquire residence in the United States which, under section 1.871–4(c)(2)(iii), Income Tax Regs., is sufficient to overcome the presumption of nonresidence. Cf. *Escobar v. Commissioner,* 68 T.C. 304, 309 (1977).[6]

Petitioner's contention that he was a nonresident alien during

---

[5] See 8 C.F.R. sec. 214.2 (f)(2), (5) (rev. ed. 1977).

[6] Cf. *Adams v. Commissioner,* 46 T.C. 352 (1966), where we held the presumption shifted the burden of going forward but not the burden of persuasion. We believe this characterization is consistent with Rule 301 of the Federal Rules of Evidence, enacted subsequent to the decision in *Adams.*

1974 is premised on two factors. He maintains that his payment of nonresident tuition and the fact that he was not granted status as a permanent resident until November 1975 indicate that he was a nonresident in 1974. In our judgment, these factors do not overcome the evidence that he was a resident during 1974. First, the question of residency for tax purposes is not determined by a taxpayer's status with the college he was attending. This is especially true where, as here, petitioner made no attempt to change his status regarding the payment of fees. Second, we are not persuaded that the failure of petitioner to apply for permanent residence status until March 1975 represents anything more than procrastination. Petitioner's employment, beginning in 1973, clearly exceeded the conditions of his entry visa. He must have known then that his activities violated the terms of his visa, and that he was required to seek authorization to work from the Bureau of Immigration. We therefore conclude that petitioner was a resident alien in the United States during 1974 for U.S. tax purposes.

## II. *Petitioner Not in United States Solely as a Student*

However, even assuming petitioner was a nonresident alien in 1974, he would still fail to qualify for the treaty exclusion. As one requirement for the exclusion, petitioner must have been temporarily present in the United States *solely* as a student. Although petitioner entered the United States under a student visa, and did attend college, he was not in this country solely as a student. Considering petitioner's full-time employment at Continental, in violation of the terms of the student visa, together with his less than normal progress educationally over the years 1973 and 1974, it is impossible to find that petitioner was here solely as a student.

*Decision will be entered for the respondent.*