MUSHEER H. SIDDIQI, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1632–77.     Filed July 18, 1978.

*Eugene D. Seligmann,* for the petitioner.
*Charles L. Eppright,* for the respondent.

### OPINION

SCOTT, *Judge:* Respondent determined a deficiency in petitioner's 1975 Federal income tax of $778.51. The issue for decision is whether, under article XIII(1)(a) of the United States-Pakistan income tax convention, petitioner is exempted from tax on $5,000 of compensation he earned while performing services within the United States.

All of the facts have been stipulated and are found accordingly.

Petitioner is a citizen of Pakistan. He filed a "Nonresident Alien" Federal income tax return for calendar year 1975 with the Internal Revenue Service Center in Philadelphia, Pa. At the time he filed his petition in this case, petitioner lived in Winslow, Wash.

Petitioner entered the United States on June 9, 1973, for the express purpose of acquiring an education in architecture. He held a student visa bearing the designation F–1. Prior to entering the United States, petitioner had informed the Immigration and Naturalization Service that the maximum anticipated duration of his stay in the United States was 5 years. When he entered, petitioner expected that he would remain in the United States for 4½ years.

Petitioner studied architecture at the University of Oregon in Eugene, Ore., until June 15, 1975, on which date he received the bachelor of architecture degree. For the first 5 months of 1975, petitioner attended school full time.

On July 7, 1975, petitioner commenced employment with an architectural firm in Ontario, Calif. His purpose was to obtain practical training in the field of architecture. He remained at this job until September 3, 1976, a period of approximately 14 months. This employment was permissible under the terms of petitioner's student visa.

In September 1976, petitioner entered the University of Washington at Seattle, Wash., as a graduate student in architecture.

On his Federal income tax return for 1975, petitioner reported gross income from employment at the architectural firm of $5,503.45. He claimed that this full amount was exempt from taxation under the United States-Pakistan income tax convention. On his return petitioner answered the question "Were you subject to tax in [Pakistan] on any of the income you claim is entitled to the convention benefits?" by checking the box "No."

Respondent, in his notice of deficiency, determined that no amount of petitioner's income was exempt from taxation under the income tax convention.

Petitioner claims the benefit of article XIII(1)(a) of the United States-Pakistan income tax convention,[1] which in certain cases exempts from taxation by one of the two countries income earned therein. In pertinent part, article XIII(1) provides:

### Article XIII

(1) A resident of one of the contracting States who is temporarily present in the other contracting State solely

(a) as a student at a recognized university, college or school in such other State, * * *

* * * * * * *

shall be exempted from tax by such other State (i) on all remittances from abroad for the purposes of his maintenance, education or training, and (ii) with respect to an amount not in excess of 5,000 United States dollars for any taxable year, representing compensation for personal services.

Petitioner contends that in 1975 he was a resident of Pakistan within the meaning of the convention and that he was temporarily in the United States as a student. Therefore, he claims that $5,000 of his earnings in the United States during 1975 is exempt from United States income tax.[2]

Respondent asserts that petitioner was not a resident of Pakistan in 1975 within the meaning of the convention since he was resident in the United States for the purpose of the United States tax in that year, that he was not temporarily present in the United States, and that petitioner was not present here solely as a student. Because our conclusion regarding the first of these assertions is dispositive of the issue before us in favor of respondent, we do not reach the other two.

---

[1] Convention Between the Government of the United States of America and the Government of Pakistan for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income, July 1, 1957, [1959] 10 U.S.T. 985.

[2] Petitioner asserts in his petition that he was relying "on Article XIII(1) and/or (3)" of the convention. Art. XIII(3) provides:

(3) A resident of one of the contracting States temporarily present in the other contracting State under arrangements with such other State or any agency or instrumentality thereof solely for the purpose of training, study or orientation shall be exempted from tax by such other State with respect to compensation not exceeding 10,000 United States dollars for the rendition of services directly related to such training, study or orientation (including emoluments and remuneration, if any, from the employer abroad of such resident).

Petitioner now apparently concedes the inapplicability of this provision to his case. Petitioner's counsel did not contend in his opening statement that art. XIII(3) of the convention is applicable to petitioner and petitioner on brief does not so contend. This record contains no evidence to indicate that petitioner was in the United States under arrangements with the United States or an instrumentality thereof for training, study, or orientation. Therefore, clearly art. XIII(3) has no applicability to petitioner.

The convention itself provides a definition of the critical phrase "resident of one of the contracting States." Article II(1)(j) provides that the term means "a person who is a resident of the United States or a person who is a resident of Pakistan, as the context requires." In order to fall within the convention exemption for purposes of this case, petitioner must establish that he is a resident of Pakistan. This phrase is also defined in the convention in article II(1)(i):

(i) The term "resident of Pakistan" means any person (other than a citizen of the United States or a United States corporation) who is resident in Pakistan for the purposes of Pakistan tax *and not resident in the United States for the purposes of the United States tax.* * * * [Emphasis supplied.]

We find that petitioner was "resident in the United States for the purposes of the United States tax" and therefore did not satisfy the last requirement of the definition of "resident of Pakistan." *Budhwani v. Commissioner,* 70 T.C. 287 (1978).

Although the Code itself does not provide a definition of "resident" for the purpose of applying the United States income tax, the regulations promulgated under section 871, I.R.C. 1954,[3] provide guidelines for the determination. *Adams v. Commissioner,* 46 T.C. 352, 358 (1966); *Friedman v. Commissioner,* 37 T.C. 539, 551 (1961).

Section 1.871–2(b), Income Tax Regs., defines residence in the following manner:

Sec. 1.871–2 Determining residence of alien individuals.

(b) *Residence defined.* An alien actually present in the United States who is not a mere transient or sojourner is a resident of the United States for purposes of the income tax. Whether he is a transient is determined by his intentions with regard to the length and nature of his stay. A mere floating intention, indefinite as to time, to return to another country is not sufficient to constitute him a transient. If he lives in the United States and has no definite intention as to his stay, he is a resident. One who comes to the United States for a definite purpose which in its nature may be promptly accomplished is a transient; but, if his purpose is of such a nature that an extended stay may be necessary for its accomplishment, and to that end the alien makes his home temporarily in the United States, he becomes a resident, though it may be his intention at all times to return to his domicile abroad when the purpose for which he came has been consummated or abandoned. An alien whose stay in the United States is limited to a definite period by the immigration laws is not

---

[3]All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

a resident of the United States within the meaning of this section, in the absence of exceptional circumstances.

The regulations provide that an alien is presumed to be a nonresident but that the presumption may be overcome by proof "Of acts and statements of the alien showing a definite intention to acquire residence in the United States or showing that his stay in the United States has been of such an extended nature as to constitute him a resident." Sec. 1.871–4(c)(iii), Income Tax Regs.

The record shows that petitioner came to the United States in 1973 for a definite purpose and, although not specifically shown by the record, it appears that petitioner intended to return to Pakistan after the purpose was accomplished. However, the purpose for which petitioner came was not one that could be accomplished promptly or in a brief period of time. The length of his intended stay was between 4½ and 5 years and, in fact, it appears that petitioner has lived in the United States continuously for this full period of time. The record indicates that this extended stay was necessary for the accomplishment of petitioner's broadest objectives, which were to obtain not only formal undergraduate and graduate education in architecture, but also informal, practical training in that discipline.

There is no evidence that petitioner's stay in the United States was limited to any definite period by immigration laws. On the contrary, the record indicates that petitioner's visa could be extended as necessary to accomplish his stated purpose for entering the country.

We note that petitioner interrupted his formal education for a period of 14 months during which he worked full time and did not attend school. Although this activity apparently contributed to his general education, it shows that petitioner's objectives were broader than mere academic training and his stay in the United States was to be of sufficient duration to accomplish his broader objectives. His contacts with the economic community were greater than those of most students. In our view, petitioner was no mere transient or sojourner and was a resident of the United States as defined by section 1.871–2(b), Income Tax Regs., during the year here at issue.

Petitioner argues for a construction of the tax convention that would render all students residents of their native countries for purposes of the exemption. This argument is without merit in

the light of the clear definitions found in the provisions of the convention itself. We also reject petitioner's attempted analogy of the facts in his case to those in Rev. Rul. 72–301, 1972–1 C.B. 439. That ruling concerns a medical student who entered the United States for training under a specific United States government program. The student's residence was not in issue in the ruling, and in fact he was presumed to be a resident of Pakistan. However, the term of his stay was only about 1 year, and there is no indication that a longer stay was intended.[4] Furthermore, the services for which compensation was received were performed concurrently with the student's formal education and in direct connection with that education. In our view these facts are clearly distinguishable from those of the instant case.

For the reasons stated, we hold that petitioner was a resident of the United States for the purpose of Federal income taxation in 1975. Therefore, petitioner was not a resident of Pakistan within the meaning of that phrase in the United States-Pakistan income tax convention. This being the case, petitioner is not entitled to exclude any amount from his gross income in 1975 under the exemption provided in that convention.

*Decision will be entered for the respondent.*

---

[4]If Rev. Rul. 72–301, 1972–1 C.B. 439, were to be interpreted as petitioner contends, it would be in conflict with Rev. Rul. 54–87, 1954–1 C.B. 155, which specifically concludes that a foreign student studying in the United States for a degree which requires temporary residence in the United States for a minimum of 2 years will be classified for Federal income tax purposes as a resident alien, and Rev. Rul. 67–157, 1967–1 C.B. 280, 282, which amplifies that revenue ruling.